WAYNE M. ELY, ADMINISTRATOR (ESTATE OF CHRISTOPHER ELY), ET AL. *v.* C. CONNOR MURPHY ET AL.
(13228)

PETERS, C. J., SHEA, GLASS, COVELLO and HULL, Js.

Argued January 7—decision released April 12, 1988

*Richard A. Bieder,* with whom was *Carey B. Reilly,* for the appellants (plaintiffs).

*J. Kevin Golger,* with whom, on the brief, was *Paul V. McNamara,* for the appellee (named defendant).

COVELLO, J. The plaintiff, in his capacity as administrator of the estate of his deceased son, Christopher Ely, and in his individual capacity, instituted this action in four counts seeking damages in connection with his son's wrongful death. These tort claims arose out of an incident in which C. Connor and Virginia Murphy were the social hosts at a high school graduation party given at their home and, following the party, an eighteen year old guest, Thomas P. Foley, struck the decedent, also a guest, with an automobile, fatally injuring him.

The jury might reasonably have found that the named defendant, C. Connor Murphy (defendant),[1] acted as host for a high school graduation open house to which the entire class of over four hundred young people was invited. His son was a member of the graduating class. The defendant purchased twelve half kegs of beer for the event.

---

[1] The claim against his wife, Virginia Murphy, was not pursued.

The party began at 8 p.m. on the evening of June 12, 1983, and lasted until approximately 3:30 a.m. the following morning. Cars were parked all along the roadway leading to the defendant's home. The defendant stationed a youth at the entrance to the party to collect three dollars from each arriving guest. Those attending ranged in age from fifteen to nineteen. The legal drinking age at the time was nineteen.[2] Three kegs were simultaneously tapped and kept open during the party.

There were no police or security personnel present. There were no bartenders. No one monitored the beer consumption nor was there anyone present at the end of the evening to check the condition of departing guests. There was no specific time when the party was to end.

At approximately 11 p.m., the police arrived at the party in response to neighbors' complaints of erratic driving and teenage drinking. The defendant assured the police that he was taking the operators' licenses and keys of those who were driving and that in order to leave the party they had to see him.

The defendant saw and spoke with Thomas Foley on at least two occasions that evening. The young man, age eighteen, was a guest at the party and was very drunk. Around 1 a.m., the defendant asked Foley where his keys were and Foley responded that they were in the car. The defendant never obtained the keys.

At about 3:30 a.m., witnesses observed Foley drunk and staggering into his mother's station wagon. Moments later the vehicle struck Christopher Ely, another guest, fatally injuring him. The accident happened at the side of the road within one hundred yards of the defendant's driveway.

[2] See General Statutes (Rev. to 1983) § 30-1 (20).

The first three counts of the complaint were directed against the hosts, the Murphys. The first count purported to set forth a cause of action under General Statutes § 30-102, the dram shop act.[3] The second count alleged common law negligence. The third count sought recovery based upon the Murphys' reckless and wanton misconduct. The fourth count was directed against Thomas P. Foley and his parents and alleged both statutory and common law negligence.

The defendant Murphys filed a motion to strike those portions of the second count of the complaint that alleged the negligent service of alcohol to those attending the party, including the defendant Thomas Foley.[4] The court, *Lavery, J.*, granted the motion to strike, concluding that in Connecticut no common law cause of action exists for negligently furnishing alcoholic beverages. The case was subsequently withdrawn as to the Foleys and the matter was thereafter tried to a jury on (1) the dram shop claim, (2) the remaining allegations of negligence in the second count, and (3) the third count of reckless and wanton misconduct. At the close of the defendants' case the court, *Fuller, J.*, granted

[3] General Statutes § 30-102 provides in relevant part: "DRAM SHOP ACT; LIQUOR SELLER LIABLE FOR DAMAGE BY INTOXICATED PERSON. (a) If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured, up to the amount of twenty thousand dollars, or to persons injured in consequence of such intoxication up to an aggregate amount of fifty thousand dollars, to be recovered in an action under this section . . . ."

[4] Paragraphs 8 (a), (b) and (d) of count II of the amended complaint alleged: "Said injuries and resulting death to the plaintiff's decedent, Christopher John Ely, were as a result of the negligence and carelessness of the defendants, C. Connor Murphy and Virginia Murphy, in that they:

"(a) provided alcoholic beverages to minors, including Thomas Foley;

"(b) distributed unlimited quantities of alcoholic beverages to children without monitoring their intake . . .

"(d) continued to serve alcoholic beverages to Thomas Foley when they knew, or should have known, he was intoxicated."

the defendants' motion for a directed verdict as to the negligence count, concluding that the remaining allegations of negligence were inextricably intertwined with the claims concerning the service of alcohol. The dram shop claim was then withdrawn, as was the claim against Virginia Murphy, so that the case was submitted to the jury for their consideration only on the allegations concerning reckless and wanton misconduct by C. Connor Murphy. The jury returned a verdict for the defendant.

The plaintiff claims error in the court's (1) granting the motion to strike portions of the second count, (2) granting the motion for a directed verdict as to the second count, (3) denying his motion to set aside the verdict, and (4) refusing to charge on negligence per se in connection with the claim of reckless and wanton misconduct. We find error in part and order a new trial.

The stricken portions of the second count purported to state a common law cause of action in tort based on negligence in serving alcohol to minors who were known to be or should have been known to be intoxicated. While such acts may constitute the breach of a duty owed to others, the cause of action in a variety of factual settings has uniformly failed for the reason that the subsequent injury has been held to have been proximately caused by the intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury. *Boehm* v. *Kish,* 201 Conn. 385, 389, 517 A.2d 624 (1986); *Kowal* v. *Hofher,* 181 Conn. 355, 357–58, 436 A.2d 1 (1980); *Slicer* v. *Quigley,* 180 Conn. 252, 255–56, 429 A.2d 855 (1980); *Nelson* v. *Steffens,* 170 Conn. 356, 358–59, 365 A.2d 1174 (1976); *Moore* v. *Bunk,* 154 Conn. 644, 647, 228 A.2d 510 (1967); *Nolan* v. *Morelli,* 154 Conn. 432, 436, 226

A.2d 383 (1967). " 'At common law it was the general rule that no tort cause of action lay against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another. The reason generally given for the rule was that the proximate cause of the intoxication was not the furnishing of the liquor, but the consumption of it by the purchaser or donee. The rule was based on the obvious fact that one could not become intoxicated by reason of liquor furnished him if he did not drink it.' *Nolan* v. *Morelli,* supra, 436–37; see also 45 Am. Jur. 2d, Intoxicating Liquors §§ 553–55; 48 C.J.S., Intoxicating Liquors § 430; 75 A.L.R.2d 833." *Slicer* v. *Quigley,* supra.

The proposition that intoxication results from the voluntary conduct of the person who consumes intoxicating liquor assumes a knowing and intelligent exercise of choice, and for that reason is more applicable to adults than to minors. With respect to minors, various legislative enactments have placed them at a disability in the context of alcohol consumption. General Statutes § 30-86 provides that with limited exceptions the social host who delivers liquor to a minor shall be criminally liable.[5] Further, General Statutes § 30-89 provides that a minor who purchases liquor or even possesses it in a public place is also criminally liable.[6] These

[5] General Statutes § 30-86 provides in relevant part: "SALES TO MINORS, INTOXICATED PERSONS AND DRUNKARDS. EXCEPTIONS. Any person who delivers or gives any such liquors to such minor, except on the order of a practicing physician, shall be fined not more than one thousand five hundred dollars or imprisoned not more than eighteen months, or both. The provisions of this section shall not apply . . . (3) to a delivery made to a minor by a parent, guardian or spouse of the minor, provided such parent, guardian or spouse has attained the age of twenty-one and provided such minor possesses such alcoholic liquor while accompanied by such parent, guardian or spouse."

[6] General Statutes § 30-89 provides in relevant part: "(b) Any minor who possesses any alcoholic liquor on any street or highway or in any public

and similar statutes[7] reflect a continuing and growing public awareness and concern that children as a class are simply incompetent by reason of their youth and inexperience to deal responsibly with the effects of alcohol. The legislature has seen fit to amend upward the minimum drinking age three times within the short span of just six years.[8]

This growing public awareness, as reflected by the legislature's frequent, recent amendments to the applicable statutes, causes us to conclude that common law precepts in this area also warrant reexamination. "Experience can and often does demonstrate that a rule, once believed sound, needs modification to serve justice better. . . . The adaptability of the common law to the changing needs of passing time has been one of its most beneficent characteristics. . . . If, however, stare decisis is to continue to serve the cause of

place or place open to the public, including any club which is open to the public shall be fined not less than two hundred nor more than five hundred dollars."

[7] See, e.g., General Statutes §§ 30-86a, 30-87, 30-88a.

[8] Public Acts 1985, No. 85-264, Public Acts 1983, No. 83-508, and Public Acts 1982, No. 82-68, provide in relevant part:

"[Public Acts 1985, No. 85-264] AN ACT RAISING THE DRINKING AGE TO TWENTY-ONE. "

"Section 1. Subdivision (20) of section 30-1 of the general statutes is repealed and the following is substituted in lieu thereof:

"(20) 'Minor' means any person under [twenty] TWENTY-ONE years of age OTHER THAN A PERSON WHO HAS ATTAINED THE AGE OF TWENTY ON OR BEFORE SEPTEMBER 1, 1985."

"[Public Acts 1983, No. 83-508] AN ACT . . . RAISING THE DRINKING AGE TO TWENTY. . . .

"Sec. 2. Subdivision (2) of section 30-1 of the general statutes is repealed and the following is substituted in lieu thereof:

"(20) 'Minor' means any person under [nineteen] TWENTY years of age."

"[Public Acts 1982, No. 82-68] AN ACT RAISING THE DRINKING AGE TO NINETEEN.

"Sec. 1. Subdivision (20) of section 30-1 of the general statutes, as amended is repealed and the following is substituted in lieu thereof:

"(20) 'Minor' means any person under [eighteen] NINETEEN years of age."

stability and certainly in the law—a condition indispensable to any well-ordered system of jurisprudence—a court should not overrule its earlier decisions unless the most cogent reasons and inescapable logic require it." (Citations omitted.) *Herald Publishing Co.* v. *Bill,* 142 Conn. 53, 62, 111 A.2d 4 (1955); *Ozyck* v. *D'Atri,* 206 Conn. 473, 482–83, 538 A.2d 697 (1988) *(Healey, J.,* concurring). We have deemed it appropriate, in other contexts, to depart from common law precedents where we have found compelling reasons and logic for doing so. See, e.g., *Moore* v. *McNamara,* 201 Conn. 16, 513 A.2d 660 (1986) (paternal duty of support of minor children); *O'Connor* v. *O'Connor,* 201 Conn. 632, 519 A.2d 13 (1986) (where strict application of common law rule of lex loci delicti undermines important state policy, we refuse to apply it).

In view of the legislative determination that minors are incompetent to assimilate responsibly the effects of alcohol and lack the legal capacity to do so, logic dictates that their consumption of alcohol does not, as a matter of law, constitute the intervening act necessary to break the chain of proximate causation and does not, as a matter of law, insulate one who provides alcohol to minors from liability for ensuing injury. To the extent that our earlier rulings in *Slicer* v. *Quigley,* supra; *Nelson* v. *Steffens,* supra, and *Moore* v. *Bunk,* supra, indicate otherwise, we herewith overrule them. Other jurisdictions that have considered the problem of negligent service of alcohol to minors have similarly recognized that "[e]xperience can and often does demonstrate that a rule, once believed sound, needs modification to serve justice better." *Herald Publishing Co.* v. *Bill,* supra, 62; see, e.g., *Macleary* v. *Hines,* 817 F.2d 1081 (3d Cir. 1987) (social host who creates unreasonable risk of intoxication of minor guests may be liable for injuries resulting therefrom); *Sutter* v. *Hutchings,* 254 Ga. 194, 327 S.E.2d 716 (1985) (social

host who serves alcohol to noticeably intoxicated minor in violation of statute, knowing minor would soon drive, may be liable to third person injured by intoxicated minor driver); *Langemann* v. *Davis,* 398 Mass. 166, 168 n.2, 495 N.E.2d 847 (1986) (service of alcohol to minor in violation of statute "could be evidence of negligence supporting a civil action against the provider"); *Traxler* v. *Koposky,* 148 Mich. App. 514, 384 N.W.2d 819 (1986) (social host liable in tort for harm caused by furnishing alcohol to a minor motorist); *Batten* v. *Bobo,* 218 N.J. Super. 589, 528 A.2d 572 (1986) (intoxicated minor guest can maintain cause of action against social host who provided cause of intoxication); *Montgomery* v. *Orr,* 130 Misc. 2d 807, 498 N.Y.S.2d 968 (1986) (adult social host liable under common law negligence for injuries caused by violation of statute prohibiting furnishing alcohol to minors who, because of their immaturity, are unable to make informed judgments as to alcohol); *Congini* v. *Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983) (social host negligent per se in serving alcohol to point of intoxication to minor and could be liable for injuries resulting therefrom); *Langle* v. *Kurkul,* 146 Vt. 513, 510 A.2d 1301 (1986) (liability of social hosts for furnishing alcohol restricted to cases involving drunk drivers and minors); *Harmann* v. *Hadley,* 128 Wis. 2d 371, 382 N.W.2d 673 (1986) (social hosts liable for personal injury caused by minor driver to whom they had negligently furnished intoxicating beverages); but see *Kirkland* v. *Johnson,* 499 So. 2d 899 (Fla. App. 1986) (no cause of action against social host for injuries to third parties caused by intoxicated minor to whom host had served alcoholic beverages); *Childress* v. *Sams,* 736 S.W.2d 48 (Mo. 1987) (social hosts not liable for injuries caused by guests' intoxication; hosts who charged small fee for party did not forfeit social host status); *Garren* v. *Cummings & McCrady, Inc.,* 289 S.C. 348, 345 S.E.2d 508 (1986)

(social host not liable at common law for the service of alcohol to intoxicated adult guest who subsequently caused automobile collision).

We have, in other contexts, acknowledged that minors should not be held to have assumed the same degree of responsibility as we assign to adults. See, e.g., *Blancato* v. *Feldspar Corporation,* 203 Conn. 34, 522 A.2d 1235 (1987) (minor exempted from exclusive operation of workers' compensation law because of youth and immaturity in context of illegal and hazardous employment).

This is not to say, however, that the social host or other purveyor of alcohol is absolutely liable to the minor served or innocent third parties thereafter injured. Rather, the matter of proximate cause of the injury and ensuing damage becomes one of fact to be determined in each instance by the court or jury as the parties elect. *Wu* v. *Fairfield,* 204 Conn. 435, 438–39, 528 A.2d 364 (1987); *Coburn* v. *Lenox Homes, Inc.,* 186 Conn. 370, 383–84, 441 A.2d 620 (1982); see *Merhi* v. *Becker,* 164 Conn. 516, 521–22, 325 A.2d 270 (1973). We conclude, therefore, that it was error to strike those portions of the second count's allegations concerning negligent service of alcohol[9] and to have directed a ver-

---

[9] The plaintiff alleged that the defendant was negligent and careless in that he: "(a) failed to provide adequate adult and/or police protection for said graduation party;

"(b) failed to properly supervise said individuals when [he] knew alcoholic beverages were being sold;

"(c) failed to remain sober in order to properly supervise Thomas Foley and others on the premises;

"(d) failed to notify the parents of Thomas Foley of his intoxicated state;

"(e) failed to warn Thomas Foley and others of the dangers of driving while intoxicated;

"(f) failed to take Thomas Foley's car keys in order to prevent him from driving in an intoxicated state;

"(g) allowed Thomas Foley to drive when [he] knew, or should have known of the dangers of driving;

"(h) failed to provide proper police or other security protection."

dict for the defendants as to the negligence allegations that remained.

Finally, the plaintiffs claim error in the court's failure to charge on negligence per se in connection with the claim of reckless and wanton misconduct. In view of the procedural posture in which this case will find itself on remand, we do not perceive this as an issue that will arise at a later trial and we therefore decline to address it further. *State* v. *Keiser,* 196 Conn. 122, 131, 491 A.2d 382 (1985).

There is error, the judgment is set aside and the case is remanded to the trial court for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.