[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is a tort action by the plaintiff against the sellers of alcoholic liquor for injuries resulting from an automobile collision where the operator of the vehicle had been served liquor by the defendant.
The amended complaint of the plaintiff alleges the following facts. On May 21, 1989, one Christopher M. McHale (McHale), 20 years of age, was a patron of the Taste of Hartford. The Taste of Hartford was a trade show organized, managed and conducted by the defendant Greater Hartford Convention Visitor's Bureau, Inc., (GHCVB). GHCVB was the backer of a liquor permit for the Taste of Hartford. The defendant Vickie L. Maryou was the permittee of the liquor permit.
The plaintiff further alleges that McHale purchased and consumed alcoholic liquor from the defendants while he was intoxicated. On May 21, 1989, McHale subsequently operated a motor vehicle on Route 5 15 in Berlin, Connecticut where he collided with another vehicle at the intersection of Route 5 
15 and Deming Road in Berlin. The plaintiff was a passenger in the McHale vehicle I and claims to have been seriously injured as a result of this collision. CT Page 1152
The plaintiff brought his complaint in three counts. Count one was made pursuant to Conn. Gen. Stat. sec. 30-102
commonly known as the Dram Shop Act. The second count was brought based upon a statutory violation of Conn. Gen. Stat. sec. 30-86 which is a penal statute.[1] The second count also included a claim under the theory of common law negligence. The third count alleged reckless and wanton misconduct.
The defendants moved to strike the second count claiming that no cause of action exists under Conn. Gen. Stat. sec. 30-86, and that Conn. Gen. Stat. sec. 30-102 is the exclusive remedy where a third party makes a claim against the seller of intoxicants for sale of alcoholic liquor to a person which resulted in injury to the third party.
Following the filing of the motion to strike, the plaintiff amended his complaint as to count two. The amended count two omitted any reference to Conn. Gen. Stat. sec. 30-86
leaving the claim resting on common law negligence.
The issue in this case is whether a common law cause of action for negligent selling of intoxicating liquor to a minor exists in Connecticut.
The incident giving rise to this action occurred on Mary 21, 1989. At that time, McHale, born on January 6, 1969, was under the age of 21 years, and therefore, a minor.[2]
In Connecticut, there was no common law action based on tort against one who sold intoxicating liquor to another who thereby became intoxicated and injured the person or property of another. Ely v. Murphy, 207 Conn. 88, 93 (1988).
The Ely court developed an exception to this concept
when dealing with the furnishing of liquor to a minor. Id. at 93-95. The voluntary act of drinking intoxicating liquors, which previously had been the intervening act breaking the chain of causation, was the basis for the common law rule that no tort action lay for selling or giving intoxicating liquor to another. Id. at 93. However, when dealing with the act of drinking by a minor, Ely concluded that a minor lacked the legal capacity to make a voluntary decision to drink an intoxicant. Id. at 95.
The defendants rely on Quinnett v. Newman, 213 Conn. 343
(1990) for the proposition that there is no liability in negligence to a seller of intoxicants for injuries to a third party resulting from the sale of the intoxicant. However, in Quinnett, the person to whom intoxicating CT Page 1153 liquor was sold, was an adult. Quinnett recognized this difference when it said
 "In Ely v. Murphy, supra, we recognized a limited exception to this longstanding proposition and held that the consumption of alcohol by a minor did not `constitute the intervening act necessary to break the chain of proximate causation and does not, as a matter of law, insulate one who provides alcohol to minors from liability for ensuing injury.' Id., 95. The basis of this holding lay in the fact that minors, by reason of their youth, lacked the legal capacity `voluntarily' to consume alcohol and, therefore, the fact that they did so, did not, as a matter of law, break any chain of proximate causation that might otherwise exist. Id."
Although Ely, supra, dealt with the issue of a social host-minor guest situation, Quinnett at 347, we see no reason to differentiate a social host furnishing intoxicating liquor to a minor from that of a vendor selling liquor to a minor. See supra, at p. 97 where the court's reasoning applied not only to a social host, but also the "other purveyor of alcohol." See also Peters, C.J. Dissenting in Quinnett v. Newman, supra, at 353-4. The vendor of liquor, by virtue of a legislative mandate in Conn. Gen. Stat. sec. 30-86, is prohibited from selling intoxicating liquor to a minor. Where our court has exposed a social host to a common law liability for giving intoxicating liquors, a vendor should have no shield against liability for violating a law with a social purpose. See Quinnett v. Newman, supra 347. "To the extent that the General Assembly sees fit to articulate public policy through specific legislation, we are bound to honor the means by which it addresses the policy issue in question."
In the present action, the vendor of the intoxicating liquor who sold such liquor to the minor who thereafter injured another by reason of the minor's intoxication, cannot be shielded from liability by virtue of the Dram Shop Act. The Dram Shop Act does not preempt the common law field of negligence when dealing with a minor. See Ely v. Murphy, supra 95-97.
Accordingly, defendants' motion to strike the second count is denied.
ARNOLD W. ARONSON CT Page 1154 JUDGE, SUPERIOR COURT