[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO STRIKE
In this wrongful death and negligence action the court earlier considered a revised complaint dated July 13, 1989 and granted motions to strike the fourth, fifth and seventh counts of that complaint. (138) (Gormley, Jr., J.)
In the fourth count of that complaint the plaintiff alleged that the injuries and death of the decedent were caused by the negligent acts of the defendants Arvind and Dina Mehta, parents of Urvi Mehta, by allowing and then failing to supervise a party at their home where alcohol was served.
The fifth count alleged that the injuries and death of the decedent were caused by the negligence of Urvi Mehta daughter of Arvind and Dina who hosted a party at the family home where alcohol was served and consumed by minor defendants.
The seventh count alleged that the injuries and death of the decedent were caused by the negligent and wanton and reckless conduct of the minor defendant Butler who participated in the purchase of a half keg of beer which was brought to the Mehta home for the party.
Subsequent to the decision of the court granting the defendants' motion to strike the plaintiff filed amendments to his complaint the most recent of which is dated August 22, 1990 and is entitled "Second Substituted Complaint." This complaint contains eleven counts alleging various tortious acts against a number of defendants, Callahan, counts one, two and three; Arvind Mehta and Dina Mehta, fourth count; Urvi Mehta, fifth and sixth counts; Butler, seventh count; Silva, eighth and ninth counts; Great A P Company, tenth count; Healy, eleventh count.
The first count of the Second Substituted Complaint CT Page 3859 summarizes the events which resulted in the death of the plaintiff's decedent. The decedent Kevin J. LeBrun attended a party as an invitee at the Mehta residence hosted by Urvi Mehta. Defendants Callahan, Silva and Butler transported a keg to the Mehta residence with the knowledge and consent of Urvi Mehta and served, sold and/or gave beer to people attending the party including Callahan who became intoxicated.
Defendant, Paul Healy, in his vehicle, brought Kevin J. LeBrun, the decedent to the party at 21 Maple Vale Drive at which both were in attendance at the party on the Mehta premises. After operating his vehicle at or near these premises 21 Maple Vale Drive in such a fashion as to incite those persons present to violence Healy departed the premises.
A disturbance following Healy's departure from the premises continued into the street outside the premises where Callahan, an invited guest at the party struck Kevin LeBrun another invited guest with a baseball bat causing injuries resulting in his death.
Some of the defendants, specifically Arvind Mehta, Dina Mehta, Urvi Mehta, Gregory Butler and Leo Silva have moved to strike the counts in the complaint charging them with delicts. They rely upon the law of the case stemming from Judge Gormley's decision on the earlier motions to strike. Judge Gormley found the fourth count of the prior complaint inadequate to state a claim for premises liability noting that the count did not allege that decedent was an invitee at the time of the assault or that the decedent was on the Mehta premises at the time of the assault. The Second Substituted Complaint of the plaintiff has remedied these deficiencies. Both Callahan and the decedent are described as invitees and the disturbance which culminated in the assault is characterized as continuing [from the premises] onto the street outside the premises. Judge Gormley also found the count inadequate to state a cause of action for negligent supervision of minor children. Urvi Mehta, the host, was a minor at the time.
The fourth count of the Second Substituted Complaint contains language found in Restatement (Second) of Torts 316 which meet the requirements of stating a negligent supervision claim.
The present allegations of count four do not support a cause of action for negligent service of alcohol to a minor since it fails to allege that the parents provided alcohol to any minor let alone Callahan who allegedly fatally injured the decedent.
Accordingly the court denies the motion to strike of the CT Page 3860 defendants' Mehta addressed to the fourth count of the Second Substituted Complaint dated August 22, 1990 insofar as it challenges the legal sufficiency of a claim based on premises liability or parental supervision against the parents Mehta.
Urvi Mehta, defendant in counts five and six also challenges the legal sufficiency of these counts. Deferring to the law of the case as articulated by Judge Gormley in his memorandum the court sustains motions to strike these counts insofar as they assert claims based on negligence of a minor host in participating in the purchase of alcohol and allowing service in an uncontrolled manner particularly to Ronald Callahan a minor under 30-1(20).
Judge Gormley relying on Ely v. Murphy, 207 Conn. 88
concluded that the Ely modification of common law immunizing negligent vendors of alcohol did not extend to social host situations wherein a minor supplies alcohol to another minor. The court does not feel compelled to defer to this reading of Ely. Judge Gormley also noted however that even if his reading were not correct the count charging negligence was legally insufficient. The court agrees with this conclusion. Nowhere in the Substituted Revised Complaint of December 28, 1989 or the Second Substituted Complaint of August 22, 1990 does the plaintiff charge any defendant with supplying alcohol to an intoxicated person. The court sustains motions to strike predicated on negligently supplying alcohol by one minor to another minor on this basis.
The motion to strike claims grounded on premises liability in counts five and six of the Second Substituted Complaint dated August 22, 1990 is denied for the same reasons specified in the denial of the motion to strike the premises liability claims against Arvind and Dina Mehta outlined in count four.
The remaining issue involves motions to strike claims predicated on the wanton and reckless conduct of the Urvi Mehta counts five and six, Gregory Butler count seven, and Leo Silva count 9, in either
 a. encouraging and participating in the purchase of alcoholic beverages furnished at her party; or b. hosting a party at which she served and allowed alcoholic beverages to be served in an uncontrolled manner; or c. serving defendant Callahan, a minor under 30-1(20) of the Connecticut General Statutes, alcoholic beverages who struck with a baseball bat and killed Kevin LeBrun, or CT Page 3861 d. purchasing, supplying and serving beer for consumption at the party.
The court is not prepared to say that existing law does not recognize as legally sufficient causes of action predicated on wanton and reckless conduct by a minor in supplying alcohol to another minor. A review of those cases which have recognized causes of action based on wanton and reckless furnishing of alcohol, Kowal v. Hofher, 181 Conn. 355 (1980); Boehm v. Kish,201 Conn. 385 (1986) reveals the plaintiffs have specifically pleaded that the defendant served alcoholic beverages to a specific individual who was already intoxicated. Judge Gormley found such an allegation lacking in the previous complaint and granted defendant's motion to strike. It is lacking in the present complaint in counts five (Urvi Mehta), count six (Urvi Mehta), count seven (Gregory Butler), count eight (Leo Silva).
Accordingly the motions to strike these counts insofar as they are grounded on reckless and wanton supplying of alcohol by one minor to another are granted.
DONALD T. DORSEY, JUDGE
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 3872