[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, as Administratrix of the Estate of Thomas Bohan (hereinafter decedent), seeks a Prejudgment Remedy by way of a real estate attachment of property owned by the defendant John J. Last. Mr. Last is the permittee and sole stockholder of the defendant Randall's, Inc., a/k/a Randall's, a bar, located in the Town of West Haven. The plaintiff alleges that in the early morning hours of August 11, 1991, the employees of Randall's served alcohol to a minor, Anthony Ferro, who became intoxicated. It is alleged that Ferro then left Randall's in an automobile which he was driving, accompanied by the decedent who was a passenger, and thereafter became involved in a one-car accident that caused the death of the decedent. This application for Prejudgment Remedy is with respect to the plaintiff's claim of common law negligence against the defendant Last.
The plaintiff relies on the case of Ely v. Murphy, 207 Conn. 88, which for the first time in this state permitted a claim to be asserted against a social host or a purveyor of alcohol who served liquor to a minor who thereafter caused injury to a third party due to his intoxication. The court agrees with the plaintiff that the ruling in Ely would be applicable in the instant matter if she is able to prove negligence on the part of Last that was the proximate cause of the decedent's death. In this proceeding the plaintiff must establish probable cause to be entitled to the requested attachment.
Since the United States Supreme Court's decision in Connecticut v. Doeher, 111 S.Ct. 2105, and absent a state appellate opinion in point, there has not been unanimity in our Superior Court as to whether the old probable cause standard is still applicable or whether a more stringent test of a "clear showing" should be required, as was noted in a recent decision of Judge Hodgson in Brazzel v. Turkel, 5 Conn. L. Rptr. n. 20, 546 (1992). In view of the holding in Doeher, this court agrees that it should not deprive a defendant of a property right prejudgment unless there is a clear showing of probable cause as was reasoned in Brazzel. CT Page 3402
Applying the Brazzel standard, this court cannot find a "clear showing" of probable cause in this case as against the defendant Last relative to the claim of common law negligence. In spite of the testimony of Michael Lombardi who testified that the defendant Last asked the bartender to serve Mr. Ferro liquor, there was no other evidence that Mr. Last knew that Mr. Ferro was drinking alcohol or was intoxicated. There was no evidence that Mr. Last served Mr. Ferro alcohol or was present when alcohol was served to him. This court in considering all of the testimony of all of the other witnesses who testified who did not implicate Last, is not convinced that a "clear showing" was established to find probable cause that defendant Last was responsible or negligent with respect to the "intoxication" of Mr. Ferro which was the proximate cause of the decedent's fatal injuries. The court finds that if Ely is to be extended to include liability on the part of a permittee who negligently serves liquor to an intoxicated minor who thereafter causes injury to a third person, then the permittee must be shown himself to be negligent and cannot be held responsible for the negligent acts of his employees, which actions may themselves involve individual liability and/or will be held responsible under the Dram Shop Act. For the reason stated, the court will deny the plaintiff's application for a Prejudgment Remedy.
JOSEPH H. PELLEGRINO, JUDGE