[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 3530
This negligence case comes before the court on a motion to strike a pleading filed by the defendants which seeks to name three other parties for purposes of apportioning liability. The plaintiff objects that these parties may not be included for apportionment because they cannot, as a matter of law, be legally responsible for the plaintiff's damages.
The plaintiff, Mary Bohan, has brought suit against John J. Last and Randall's, Inc. claiming that they intentionally served or permitted their agents or employees to serve alcoholic beverages to a minor, Anthony Ferro, who thereafter lost control of the car he was driving, fatally injuring Thomas F. Bohan. The defendant's pleading, which is titled "Complaint," alleges, for purposes of apportionment, that four other defendants were negligent and that their negligence proximately caused the plaintiff's loss.
The motion to strike does not challenge the defendants' claims as to Anthony Ferro, who is alleged to have driven the vehicle in which the plaintiff's decedent was a passenger. The challenged portions of the pleading apply to the other three parties.
Defendants Last and Randall's, Inc. claim that Michael Simeone negligently (Count Three) or intentionally (Count Four) provided alcoholic liquor to a minor, Anthony Ferro. They claim in Count Five that Michael Lombardi was negligent in furnishing alcohol to Anthony Ferro when he knew the minor was intoxicated, that he caused him to drive to a party organized by adults and either caused or allowed the plaintiff's decedent to ride with Anthony Ferro. They claim in Count Six that Lombardi acted intentionally. The defendants claim in Count Seven that defendant Michael Piroli was negligent in causing Anthony Ferro to attend and drive with plaintiff decedent to a party with older people though he knew Ferro was "very young and intoxicated."
A motion to strike admits the facts alleged but it may properly be granted "if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Sys., Inc. v. The BOC Group, Inc., 224 Conn. 210, 215
(1992); Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). CT Page 3531
The defendants' pleading does not identify any relationship between the plaintiff's decedent and Lombardi, Piroli or Simeone giving rise to a particular duty of care. In their brief opposing the plaintiff's motion to strike, the defendants assert that their claims for apportionment as to defendants Lombardi, Piroli and Simeone are based solely on Eli v. Murphy, 207 Conn. 88
(1988). In that case, the Connecticut Supreme Court recognized a duty of care of social hosts and other purveyors of alcoholic beverages with regard to the furnishing of alcoholic beverages to minors. The defendants in the case before this court have not, however, identified Lombardi, Piroli or Simeone either as social hosts or as purveyors of alcohol. Indeed, one of these parties, Michael Piroli, is not alleged to have provided alcohol to the minor. Without further factual allegations as to the circumstances alleged, Simeone and Lombardi cannot be characterized as either social hosts or purveyors of alcohol. While the defendants argue that anyone who provides alcohol to another is a "purveyor", the term has a more restrictive meaning. According to the Oxford English Dictionary (1970) a purveyor is "one who makes preparation or prearrangement; a manager, director, steward." Had the Supreme Court intended to recognize a cause of action as to anyone who served alcohol to a minor, such an inclusive phrase would no doubt have been used in Ely. The more restrictive term "purveyor" suggests that a more limited cause of action was recognized in Ely, and the defendants do not allege facts to the effect that Simeone, Piroli or Lombardi were purveyors of alcoholic beverages at the time at issue.
The defendants have not pleaded any other duty of care owed by Simeone, Piroli or Lombardi to the plaintiff's decedent. The existence of a duty of care is an essential element of negligence. Shore v. Stonington, 187 Conn. 147, 151 (1982); Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375 (1982). A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act. Coburn v. Lenox Homes, Inc., id.; Neal v. Shiels, Inc., 166 Conn. 3, 12-13 (1974).
The law does not recognize a "duty in the air." See Pollock, Torts (13th Ed.) 468; Winfield, "Duty in Tortious Negligence," 34 Colum. L. Rev. 41, 42 n. 8 (1934). In determining whether there is a cause of action against the three individuals named in the CT Page 3532 defendants' pleading, the court must determine whether it is alleged that these parties owed a duty to the plaintiff's decedent. Shore v. Stonington, supra, 187 Conn. 151. The existence of a duty is a question of law. id.; Nolan v. The New York, New Haven, Hartford Railroad Co., 53 Conn. 461, 471
(1985). The plaintiff has not alleged that the named parties had assumed or been entrusted with supervision of the minor who is plaintiff's decedent or that any of them had any other relationship with him giving rise to a duty of care.
Section 52-572h(c) C.G.S., which mandates apportionment in negligence actions, allows such apportionment only among those parties whose negligence is determined to have proximately caused the death or damages at issue. While the limits of 52-572h(c) are not entirely clear, since a finding of negligence requires a finding of a duty of care, this statute cannot be understood to authorize apportionment among parties who are not alleged to owe a duty of care to the claimant.
In the absence of allegations that would support a finding that the three parties at issue owed a duty of care to the plaintiff's decedent, they may not be included as parties for purposes of apportionment, and the motion to strike the defendants' "complaint" against Michael Piroli, Michael Lombardi and Michael Simeone, that is, Counts Three through Seven, is granted.
Beverly J. Hodgson Judge of the Superior Court