[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE THIRD COUNT OF AMENDEDCOMPLAINT DATED 1-8-93
The amended complaint alleges that on June 30, 1990 CT Page 11112-R plaintiff Donald E. Gesswin, defendant Steven J. Vieira, and defendant Michael L. Vanzuilen were attending a party given by Denise McMahon at her home. The house was owned by defendant Marjorie D. McMahon, mother of Denise. The complaint further alleges in Counts One and Two that at the party Vieira and Vanzuilen struck the plaintiff, causing him injuries.
In Count 3 of the complaint plaintiff alleges that defendant Marjory D. McMahon was the biological and custodial parent of Denise McMahon and that she was negligent in both the supervising and maintenance of her child and her premises in one or more of the following ways:
 a) she allowed minor children to consume alcoholic beverages on her premises;
 b) she allowed guests to become intoxicated at her residence;
 c) she failed to provide adequate supervision to minor children on her property;
 d) she failed to provide proper and safe ingress and egress for guests on her property; and
 e) she failed to provide adequate security for guests on her premises.
In paragraph 10 plaintiff claims that as a result of McMahon's actions plaintiff was caused to suffer injuries.
The court believes that the third count of the complaint should be stricken for failure to state a cause of action.
There is no allegation in the complaint as to whom the liquor was provided to, and specifically there is no allegation that defendants Vieira or Vanzuilen drank any liquor or that they were minors.
Furthermore, the plaintiffs' allegations fail to allege that defendant McMahon knew or should have known that her daughter would hold a party where alcohol would be served. The allegation that she "allowed" minor children to consume alcohol is not equivalent to alleging "knowledge". The plaintiff fails to allege that McMahon provided alcohol to any CT Page 11112-S minors or to Vieira or Vanzuilen who allegedly injured the plaintiff. LeBrun v. Callahan, 16 CLT 5 (1990).
Plaintiff cites Ely v. Murphy, 207 Conn. 88 in his objection to the motion to strike. However, in that case the incident in question occurred when plaintiff's decedent was struck by an automobile driven by an intoxicated eighteen-year old to whom the named defendant had served liquor. There is no allegation in the third count that McMahon "served" liquor to an intoxicated minor.
Accordingly, the Motion, to Strike the third count of the complaint is granted.
Frances Allen State Judge Referee