[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION TO STRIKE COUNT 13 OF THE SUBSTITUTEDCOMPLAINT)
On May 17, 1995, the plaintiff, Ivy Carlson, guardian of the estate of Heath Carson, and Ivy Carlson individually, filed a fourteen count substituted complaint against Joseph Sabat, III, Joseph Sabat, Russell and David Cherico, B S Package Store, Brian Brennan and Susan Drazek, permittees and Christian Clark ("defendant Clark"). In count thirteen of her complaint, the plaintiff alleges the following facts. On August 8, 1994, between approximately 10:00 a.m. and 2:00 p. m., Defendant Clark, who is a minor, served alcoholic beverages to defendants Sabat and Cherico knowing that they were intoxicated and intended to operate motor vehicles. At approximately 1:50 p. m. of the same day, Heath Carlson was a passenger in a car driven by defendant, Joseph Sabat III ("Sabat"). On that date, as a result of his reckless driving, Sabat lost control of the car and collided into a tree. As a result of this crash, Heath Carlson suffered severe physical injuries.
On May 30, 1994, the defendant Clark filed a motion to strike count thirteen of the complaint, accompanied by a supporting memorandum of law. In his supporting memorandum of law, the defendant argues that there is no common law cause of action in CT Page 8372 Connecticut against a minor for serving alcohol to a minor who subsequently causes injury to himself or another. On June 7, 1995, the plaintiff filed a memorandum in opposition to the motion to strike.
A motion to strike "challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 199 Conn. 91, 108, 491 A.2d 368
(1985). A motion to strike admits all facts well-pleaded; and if the facts provable under its allegations would support a cause of action, the motion to strike must fail. Id., 108-109. In ruling on a motion to strike, the court is required to "take the facts to be those alleged in the complaint." Liljedhahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
"At common law there was no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated." Quinnett v. Newman, 213 Conn. 343, 345, 568 A.2d 786
(1990). In Ely v. Murphy, 207 Conn. 88, 540 A.2d 54 (1988), the Connecticut Supreme Court modified the common law rule by providing that an adult serving alcohol to a minor may be liable for damages subsequently caused by the intoxicated minor. The Court's reasoning was based on "the legislative determination that minors are incompetent to assimilate responsibly the effects of alcohol and lack the legal capacity to do so." Id, 95. Accordingly, "logic dictates that their consumption of alcohol does not, as a matter of law, constitute the intervening act necessary to break the chain of proximate causation and does not, as a matter of law, insulate one who provides alcohol to minors from liability for ensuing injury." Id. Thus, Ely expanded common law liability to adults who negligently serve alcoholic beverages to minors. It did not expand this common law liability to a minor who serves alcohol to another minor. See Quinnett v. Newman, supra, 213 Conn. 346
(noting that Ely v. Murphy created a limited exception to the common law rule); LeBrun v. Callahan, 5 C.S.C.R. 79 (December 13, 1989) (Gormley, J.) (granting a motion to strike on the ground that there is no common law liability for negligent service of alcohol when a minor serves another minor). The court's underlying rationale in Ely focused on the relationship of an adult, who knows the dangerous effects the consumption of alcohol can have, serving alcoholic beverages to a minor, who cannot assimilate responsibly the effects of alcohol. In such a situation, principles of fairness dictate that the adult should be held responsible. This relationship does not exist in the present case. In the present case, the minor supplying the alcohol was just as incapable of responsibly assimilating the effects of alcohol than the minor CT Page 8373 consuming the alcohol. Therefore, there is no compelling need or principle of fairness that dictate expanding liability to a minor who serves alcohol to another minor. See LeBrun, supra, 5 C.S.C.R. 79.
The Motion to Strike Count 13 of the Substituted Complaint is granted.
Klaczak, J.