[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION re: MOTION TO STRIKE
The plaintiff, Sadik Hussein's third amended complaint against the defendants, Barrie L. Kinney, 540 Corporation, Five Forty Associates, L.P., and John F. Strobel sounds in negligence, recklessness, and a violation of the Dram Shop Act. The defendants now file a motion to strike the fifth and sixth counts of the plaintiff's third amended complaint.
Simply stated, the plaintiff is seeking damages for injuries he received in an automobile accident. The plaintiff's vehicle was allegedly struck by a vehicle driven by the defendant Kinney. Kinney had, prior to the accident, visited a tavern owned and/or operated by the co-defendants. CT Page 833
The plaintiff alleges in count five of the complaint that the defendant tavern owners are liable for "negligently failing to carry out their standard operating procedure to call [a] cab for [the defendant] Kinney" who was allegedly too intoxicated to drive safely. Paragraph fifteen of this count states that "the [d]efendants owed a duty to [the plaintiff] to carry forth their standard policy [regarding intoxicated persons] and provide transportation by cab to . . . Kinney." Count six alleges that this act amounts to recklessness.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial. "Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
"[T]here is no common-law action in negligence against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily become intoxicated and in consequence of his intoxication injured the person or property either of himself or of another. . . . The reason underlying the rule is that the proximate cause of the intoxication was not the sale or furnishing of the liquor but the consumption of it by the purchaser or donee." Boehm v. Kish, 201 Conn. 385, 389,517 A.2d 624 (1986). The only exceptions to this rule are: if the alcohol provider acts with "want on and reckless misconduct"; id., 390; and (2) if the person served is a minor. Ely v. Murphy,207 Conn. 88, 540 A.2d 54 (1988). See also Quinnett v. Newman,213 Conn. 343, 345-46, 568 A.2d 786 (1990).
In the present case, the plaintiff attempts to circumvent these rules by pleading that the defendants are liable to him not for selling alcohol to Kinney, but rather for failing to call Kinney a cab. The rule discussed above, however, covers all
negligence actions "against one who furnished . . . intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured . . . another." Boehmv. Kish, supra, 201 Conn. 389. Emphasis added. Count five of the complaint alleges a negligence action against parties for whom the rule is intended to protect from negligence actions. CT Page 834 Therefore, count five is legally insufficient. The defendants motion to strike count five is granted.
The plaintiff, in count six, realleges the facts of count five adding only that such conduct is reckless. The court notes that the fourth count of the complaint already alleges wanton and reckless misconduct by the defendants as it relates to the sale of alcohol to a visibly intoxicated person. The plaintiff alleges in count four that it was reckless to serve alcohol knowing that the defendant "would thereafter operate a motor vehicle upon the highways of this [s]tate." The plaintiff, in count six, is pleading a whole separate cause of action for reckless conduct based solely on the defendants' failure to call a cab. The defendants move to strike count six "because it fails to state a separate, legally recognized claim for recklessness."
"`[R]eckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention . . . ." (Internal quotation marks omitted.) Coble v. Maloney,34 Conn. App. 655, 670, 643 A.2d 277 (1994). See also Dubay v. Irish,207 Conn. 518, 533, 542 A.2d 711 (1988).
There are no facts pleaded in the sixth count which indicate that defendants' failure to call a cab was more than a "mere mistake." At most, the plaintiff has pleaded that the defendants acted thoughtlessly by not calling a cab for their patron. Recklessness based on the defendants' service of alcohol to a visibly intoxicated person planning to operate a motor vehicle already has been pleaded properly in count four. The court finds that the facts pleaded in count six are legally insufficient to maintain a separate cause of action for recklessness. The defendants' motion to strike count six of the complaint is granted.
D'ANDREA, J.