[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Robert Gulliver, Patricia Isaacson, Timothy Isaacson, and Gulliver's Wine Liquor, have moved for summary CT Page 3173 judgment as to the fourth count of the plaintiffs amended complaint. That count alleges the following facts. At all relevant times, the defendants were doing business as Gulliver's Wine Liquor, a liquor store located at 423 Main Street in Danbury. On or about August 27, 1995, the plaintiff, Jose Cunha, was severely injured when Michael Grube, a minor, lost control of his vehicle after he consumed large amounts of beer. The beer consumed by Grube was purchased by Jason Kayfus, another minor, from the defendants on August 26, 1995. Cunha's injuries were caused by the negligence of the defendants in that they permitted Kayfus to purchase beer when they knew or should have known that he was a minor and that he and other minors would consume the beer.
The defendants argue that they are entitled to summary judgment because the plaintiff alleges that they sold the beer to Kayfus, not Grube. "At common law it was the general rule that no tort cause of action lay against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another. The reason generally given for the rule was that the proximate cause of the intoxication was not the furnishing of the liquor, but the consumption of it by the purchaser or donee. The rule was based on the obvious fact that one could not become intoxicated by reason of liquor furnished him if he did not drink it." (Internal quotation marks omitted.) Ely v. Murphy,207 Conn. 88, 93, 540 A.2d 54 (1988).
In Ely, our Supreme Court "reexamined the logic of [the court's] common law decisions in the context of the liability of social hosts who allegedly had provided alcohol to underage guests at a graduation `keg' party. For two interrelated reasons, [the court] concluded that the hosts were liable in tort because one of the minor guests, who was intoxicated, drove his car and killed another guest as both he and the victim were leaving the party. First, [the court] questioned whether, in the case of a minor, there was logic to the common law presumption that intoxication results from the voluntary conduct of a person who has exercised a knowing and intelligent choice to consume intoxicating liquor. . . . [The court] noted that, in other areas of the law, minors have been held not to have assumed the same degree of responsibility as [the court assigns] to adults. . . . Second, [the court] found it persuasive that our states public policy, as manifested in numerous relevant civil and criminal CT Page 3174 statutes, reflect[s] a continuing and growing public awareness and concern that children as a class are simply incompetent by reason of their youth and inexperience to deal responsibly with the effects of alcohol. . . . With respect to minors, therefore, [the court] concluded that a social host or other purveyor of alcohol will be liable, to the minor served or to innocent third parties thereafter injured, if a court or a jury finds, as a matter of fact, a proximate cause relationship between the service of alcohol and the damages ensuing from the minor's consumption of the alcohol." (Citations omitted; internal quotation marks omitted.) Bohan v. Last, 236 Conn. 670, 676-77,674 A.2d 839 (1996).
In Bohan, the court stated that "[i]t is no great extension of Ely v. Murphy, supra, 207 Conn. 97, to hold that, under some circumstances, purveyors of alcohol to minors at a bar may be liable to such minors, or to innocent third parties, even if the purveyors do not act as social hosts. Wherever minors become intoxicated, whether in a bar or in a private residence, they are unlikely to appreciate fully the consequences of their intoxication. Wherever minors become intoxicated, their subsequent intoxicated misconduct creates a risk of personal injury and death not only to themselves, but also, as in Ely and as in this case, to innocent third parties." Bohan v. Last,
supra, 678. The court emphasized that "it is appropriate to limit the common law liability of purveyors of alcohol to those who knew or had reason to know that they were making alcohol available to a minor." Bohan v. Last, supra, 680.
Applying the foregoing principles to the circumstances of this case, this court cannot conclude, as a matter of law, that a purveyor of alcohol is subject to liability only when the alcohol is sold directly to the minor who causes the alleged injury. Where, as here, the plaintiff alleges that the purveyor knew, or should have known, that the alcohol would be consumed by other minors, the fact finder should be afforded the opportunity to determine whether the purveyor's conduct proximately caused the plaintiff's injuries. The defendants have not submitted any evidence that conclusively establishes that they did not know, or have reason to know, that Kayfus was planning on sharing the alcohol with other minors.
Consequently, the defendants have failed to satisfy their burden of proof and their motion is, accordingly, denied. CT Page 3175
Moraghan, J.