[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Motion For Summary Judgment [126]
Defendants, Douglas and Judy Parkhurst, husband and wife, are the parents of Michael Parkhurst. In May 1965. Michael was a member of their household. He was 20 years old.
On May 16, 1995, Michael was driving his car. It collided head on with a car driven by Yaroslava Rangel; her son Emmanuel was a passenger. Both Rangels were injured severely; they are the plaintiffs. CT Page 15822
It is alleged that the accident was caused by Michael's negligence and carelessness. Plaintiffs contend that Michael was under the influence of alcohol.
Michael is not a defendant in this lawsuit.
The defendants in this case, Michael's parents, allegedly are liable because of their involvement in Michael's having the beer which he had consumed immediately prior to the accident.
In this regard, the complaint alleges:
 "16. Said collision and plaintiffs' resultant injuries and losses were occasioned by the carelessness and negligence of the defendants Douglas and Judy Parkhurst, in one or more of the following ways:
 A. They stored and made available alcoholic beverage to their minor son;
 B. They assisted their minor son in obtaining and maintaining operation of an automobile when they knew or had reason to know he was operating same while impaired or intoxicated;
 C. They failed to instruct their minor son on the dangers of operating an automobile while impaired although they had ample opportunity to do so and had a special relationship enabling them to do so;
 D. They stored and made available alcoholic beverage to their minor son knowing or — having reason to know he would be consuming same in public places;
 E. The defendants delivered and gave alcohol to a minor for consumption at a time and place when said minor would not be accompanied by a parent or guardian, in violation of C.G.S. § 30-86."
Revised Complaint, March 27, 1997, Counts One and Two, ¶ 16. [108]
The principal allegations against the parents (defendants Douglas and Judy Parkhurst) are that they "stored and made available alcoholic beverage to their minor son;" and they "delivered and gave alcohol to a minor." CT Page 15823
Some facts are not in dispute. The beer that Michael consumed on December 16, 1995 was purchased by him from the Wells Fargo Package Store approximately two weeks before the December 16, 1995 accident. His parents had no role in his beer purchase. The Parkhurst home had two refrigerators. One was in the kitchen; the other was downstairs in the basement. Michael had placed the beer in the basement refrigerator; it remained there for some two weeks until he removed it on December 16, 1995.
The Parkhurst defendants have filed for summary judgment. Motion For Summary Judgment, March 15, 1999. [126] The defendants (Douglas and Judy Parkhurst) had filed a motion for summary judgment previously. Motion for Summary Judgment, October 23, 1997. [118] On April 8, 1998, Judge Martin denied that motion. He endorsed on the motion: "An issue of material fact exists as to whether the defendants provided or made alcohol available to their minor child." [118]
Thereafter, Michael Parkhurst was deposed in this action. Judge Martin granted defendants (the Parkhursts) permission to file the instant motion for summary judgment. Both parties have relied, at least in part, on the materials which they had filed in connection with the earlier October 23, 1997 motion for summary judgment. In conjunction therewith, each of the defendant Parkhursts filed an affidavit; content-wise the two affidavits are identical. Affidavits of Judy Parkhurst and Douglas Parkhurst, July 10, 1997; Exhibits A and B to Defendants" October 23, 1997 Memorandum in Support of Motion for Summary Judgment. [119]. Central to this motion for summary judgment are the following paragraphs from those affidavits.
 "6. I did not make available any alcoholic liquor in a family refrigerator for my son Michael.
* * *
 "9. At no time did I store a case of alcoholic beverage for my son Michael in the family refrigerator.
* * *
 "12. I did not deliver, give or purvey any alcohol to my minor son on the date of-the subject accident."
Affidavits of Judy Parkhurst and Douglas Parkhurst, July 10, CT Page 15824 1997.
Douglas and Judy Parkhurst were deposed on December 18, 1997. Douglas Parkhurst testified Michael was not permitted to drink in the home or anywhere else. [20-21] Douglas Parkhurst did not know that Michael had ever stored beer in that refrigerator. [23] Deposition of Douglas Parkhurst, December 18, 1997.
In her deposition, Judy Parkhurst testified that the basement refrigerator was a two compartment unit. It was used mainly to store frozen foods in the freezer unit. [7] The only time she used the refrigerator (as opposed to the freezer) section was at a holiday if extra space were needed. [7] Use of the freezer compartment was perhaps once every couple of months. [7] If anything were being stored in the refrigerator section, she would not have noticed it. Apparently, she had never seen beer in the refrigerator; if she had she would have assumed it belonged to her other son, Douglas, who was 24 or 25. [7-8] Deposition of Judy Parkhurst, December 18, 1997.
In a March 4, 1999 deposition in this case, Michael Parkhurst testified in part:
 Q Now, after purchasing the alcohol, did there come a point in time when you stored the alcohol at your home in the basement refrigerator?
A Yes.
 Q Did your parents ever purchase any alcohol for you to consume? Did they purchase any beer for you that you consumed on the day of your accident?
A No.
 Q The alcohol that you drank on the day of your accident, was that alcohol that you had purchased for yourself at the Wells Fargo package store?
A Yes.
 Q Did your parents make alcohol available for you and tell you that alcohol was in the house for you to drink? CT Page 15825
A. No.
 Q Did they instruct you that you were not allowed to drink until you reached age 21?
A Yes.
 Q Did they allow you to drink in the house with their permission before you reached the age of 21?
A No.
 Q Did they, to your knowledge, know that you kept beer in the house before you reached the age of 21?
A No.
 Q Did you attempt to hide the facts from them that you were keeping beer in a basement refrigerator?
A Yes.
 Q Did they indicate to you it was okay for you to operate a motor vehicle while you were intoxicated?
A No.
 Q Did they provide, you or serve you or give to you any of the alcohol that you drank on the day of this accident?
A No.
 Q To your knowledge did they have any idea that you were drinking on the day of this accident?
A No.
 Q If fact, you would have hidden that fact from them; is that correct?
A Yes.
 Q The beer that you drank was beer that you purchased for yourself; is that correct? CT Page 15826
A Yes.
 Q They did not store or make available any alcohol for you, did they?
A No.
 Q You knew that you were not to operate a motor vehicle when you were intoxicated; is that correct?
A Can you restate the question?
 Q. You knew that it was not safe to operate a motor vehicle if you were intoxicated?
A Yes.
Deposition of Michael Parkhurst, March 4, 1999, pp. 9-12.
Based on that part of the record recounted above, it is clear that the Parkhurst parents had neither "stored and made available alcoholic beverage to their minor son;" nor "delivered and gave alcohol to a minor" as is alleged in the Revised Complaint of March 27, 1997. [108]
But, Michael Parkhurst, had been deposed on August 9, 1996 in another lawsuit, one brought against him by the Rangels (the present plaintiffs). Deposition of Michael Parkhurst, August 9, 1996, Yaroslava Rangel, et al v. Michael Parkhurst, et al, Judicial District of New London at Norwich, No. CV 96-0109345. Germane to the present motion are the following excerpts from that deposition:
 Q When you went to your refrigerator down in the basement to get your beer, was there anyone else's beer in there also?
A No.
 Q Are you the only one who keeps beer in that refrigerator?
A Yes. CT Page 15827
 Q Do your parents, did they know that you had beer in that refrigerator?
A I'm not sure.
 Q Okay. But you didn't feel evidently that your parents would have a problem with you storing beer in the refrigerator?
A No.
 Q Had you done it before where they had seen that you had beer in the refrigerator?
A Yeah, yes.
Q They didn't mention anything to you at all?
A No.
Q Were you allowed to consume alcohol at your house?
A No.
 Q Did your parents know at any time before May 16th of 1995 that you had beer in that downstairs refrigerator?
A I'm sure they've seen it before, yes.
Q So maybe — withdrawn.
Did they ever talk to you about it?
A No.
Q But they use that refrigerator, too?
A Yes
Michael's testimony in the 1996 deposition at least indicates his parents must have known he was keeping beer in the downstairs refrigerator. Whether his statements made in the 1996 deposition are sufficient to create a genuine issue of fact is problematic. Michael is not a party in this action. How, or whether, what he CT Page 15828 said in 1996 can be used substantively is a problem. However, for the purposes of this motion the court will assume that it is sufficient to create a genuine issue of fact.
That conclusion is not determinative.
The court has reviewed all the case law submitted by the parties.
The Parkhurst's knowledge of and/or acquiescence in Michael's storage of the beer in their home may be a fact issue which is genuinely in dispute. That fact is not a material fact. It does not thwart summary judgment.
Our case law has not extended liability to the extent claimed by the plaintiffs.
The court has considered the most recent Supreme Court authority on the topic, Ely v. Murphy, 207 Conn. 88 (1988), andBohan v. Last, 236 Conn. 670 (1996). An extended discussion of these cases is not warranted. However, the court finds nothing in either of those cases which supports plaintiffs' position that parents of a minor who know of and acquiesce in the minor child's storage of alcoholic beverages in their home may be liable f or damages subsequently caused by the intoxicated minor. In no sense were the parents here "purveyors of alcohol" or had they "served alcohol" to a minor. The court concludes that the law is not as plaintiffs would have it; parents are not liable to third persons even though they knew of and acquiesced in the minor's child's keeping alcoholic beverages in their home.
In no sense can the senior Parkhursts be considered to have supplied or purveyed the offending beer to Michael.
The defendant Parkhursts' motion for summary judgment dated March 15, 1999, is granted. [126]
Judgment may enter in favor of the defendants Douglas Parkhurst and Judy Parkhurst and against the plaintiffs Yaroslava and Emmanuel Rangel.
Parker, J. CT Page 15829