[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' WHETHER CAUSE OF ACTION IN NEGLIGENCE EXISTS BASED, INTER ALIA, UPON ALLEGED WRONGFUL SERVICE OF ALCOHOL TO MINOR PASSENGER
In the Second Count of her Amended Complaint plaintiff Tiffany Kinney alleges that defendant Center Pub, LLC, served her an alcoholic beverage on June 11, 1998, while she was on its premises, and that she — having been born on June 15, 1990 — was a minor on that day. Furthermore, she alleges that on June 12, 1998, at about 12:02 a.m. she was a passenger in an automobile; that as a direct result of the alcoholic beverage she became ill inside the automobile; and that as a direct result thereof the operator of the vehicle lost control and collided into another automobile, resulting in injuries and damages to her.
Plaintiff Tiffany Kinney alleges that the accident and injuries she sustained therein were caused by the negligence of defendant Center Pub, its permittee, and its agents and employees for the reasons that they served alcohol to her while she was a minor; and that they served alcohol to her in violation of the criminal statute prohibiting the service of alcohol to a minor.
Defendant Center Pub and its permittee have moved to strike the Second Count of the Amended Complaint. The defendants claim that the cases ofKowal v. Hother, 181 Conn. 355 (1980) and Boehm v. Kish, 201 Conn. 385
(1986) stand for the principle that there is no common-law action in negligence against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another, for the reason that the CT Page 15299 proximate cause of the intoxication was not the sale or furnishing of the liquor but the consumption of it by the purchaser or donee.
However, in Ely v. Murphy, 207 Conn. 88 (1988) our Supreme Court found that the rule finding proximate cause solely on the basis of voluntary consumption should not be applied to minors. In this regard the Court writes:
 In view of the legislative determination that minors are incompetent to assimilate responsibly the effects of alcohol and lack the legal capacity to do so, logic dictates that their consumption of alcohol does not, as a matter of law, constitute the intervening act necessary to break the chain of proximate causation and does not, as a matter of law, insulate one who provides alcohol to minors from liability for ensuing injury.
 Id. at 95.
In ruling that a social host or other purveyor of alcohol to a minor may be liable "to the minor served or innocent third parties thereafter injured," the Supreme Court noted that "the matter of proximate cause of the injury and ensuing damage becomes one of fact to be determined in each instance by the court or jury as the parties elect." Id at 97. Thus, the previous rulings on this principle as enunciated in Kowal andBoehm, supra, cited by the defendants, were overruled in 1988 by Ely v.Murphy, supra.
Inasmuch as Ely v. Muphy, supra, recognizes this action, the defendants' motion to strike is denied.
Clarance J. Jones, Judge