[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION FOR SUMMARY JUDGMENT (FILE #142)
On May 17, 1993, plaintiff, Emily Hebert, filed a six count amended complaint against the defendants, Bahama Bob's Hartford, Inc. d/b/a Bahama Bob's ("Bahama Bob's"), NWP Allyn Street Ltd. Partnership, and William Rowley, Jr., for damages sustained in an automobile accident.[1] On December 21, 1992, the Court granted a motion-filed by Traci A. Dreher to consolidate this case with Traci A. Dreher v. Bahama Bob'sHartford, Inc., Docket No. CV-92-0512587. Plaintiff alleges the following facts in all counts of the complaint. On or about June 28, 1991, and prior thereto, defendants operated, managed, maintained, conducted and/or controlled a public cafe located at 55 High Street, Hartford, known as Bahama Bob's. On the same date and prior thereto, defendants were the backers of Bahama Bob's, and defendant William Rowley, Jr. was the Permittee. Plaintiff further alleges that on said date, and prior thereto, defendants, their servants, agents and/or employees invited members of the general public to enter and patronize the cafe, and served and/or sold alcoholic beverages.
Plaintiff alleges in the first count that between 9:00 p. m. on June 28, 1991, and 12:30 a.m. on June 29, 1991, Richard Staubach was a patron of the cafe and was sold and/or furnished alcoholic beverages while in an intoxicated condition by defendants, their agents, servants and/or employees. At approximately 1:10 a.m., on June 29, 1991, Staubach, while driving in an intoxicated condition in a northerly direction on Ellington Road (Route 30) in South Windsor, caused his vehicle to crash head on with the CT Page 11741 plaintiff's vehicle traveling in a southerly direction on the same road. As a result of defendants' conduct, and the subsequent collision, plaintiff sustained severe permanent injuries and is currently suffering from quadriplegia. Furthermore, plaintiff alleges that she will continue to incur medical expenses in the future and that her ability to engage in employment has been impaired. Plaintiff seeks recovery against the defendants pursuant to the Dram Shop Act, General Statutes § 30-102.
In the second count, plaintiff alleges that defendants, their agents, servants and/or employees, with full knowledge of Staubach's intention to operate his vehicle shortly thereafter, continued to supply and/or sell to Staubach intoxicating liquors in a reckless manner despite his visibly intoxicated condition. Plaintiff further alleges that as a result of such reckless misconduct, defendants are liable to the plaintiff for her injuries.
The third and fourth counts of the complaint were withdrawn on October 16, 1992. Plaintiff alleges in the fifth and sixth counts that defendants, Bahama Bob's and Rowley, knew or should have known that Staubach's faculties were so impaired and that by failing to take reasonable steps to either prevent him from driving, or not providing him with additional alcohol, defendants created a foreseeable and unreasonable risk to those using the same highways as Staubach. Plaintiff alleges that as a result of suchnegligence, the defendants are liable to the plaintiff for her injuries.
On May 11, 1994, defendants filed an amended answer containing one special defense. The special defense alleges that plaintiff has been fully compensated for the losses alleged in her complaint, having recovered judgment against Staubach in a separate action, and is, therefore, barred from recovery against defendants in this law suit. On May 20, 1994, plaintiff filed an amended reply to defendants' special defenses denying that she has been fully compensated for the losses she alleges in the present complaint.
On May 20, 1994, defendants filed a motion for permission to file for summary judgment, along with a memorandum of law in support of their motion, and a copy of the motion for stipulated judgment filed in the case of Traci A. Dreher, etCT Page 11742al v. Richard Staubach, et al, Docket No. CV-91-0399199-S. The motion for permission was granted by the court on May 27, 1994; on June 8, defendants filed a supplemental memorandum in support of their summary judgment motion, along with a transcript from the May 24, 1993 prejudgment remedy hearing, and a copy of Staubach's June 11, 1992 deposition. Plaintiff has filed a timely memorandum of law in opposition to the summary judgment motion, along with her own affidavit, the affidavit of her counsel, and the transcript from the prejudgment remedy proceeding.
Summary judgment "is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. Old BuckinghamCorporation, 205 Conn. 572, 574, 534 A.2d 1172 (1987). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to all material facts and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Lees v. Middlesex Ins. Co., 219 Conn. 644,650, 594 A.2d 925 (1991). The party seeking summary judgment "`has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law.'" Suarez v. Dickmont Plastic Corp., 229 Conn. 99,105, 639 A.2d 507 (1994). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Scrapchanskyv. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329 (1993). The test for the granting of a summary judgment motion is "`whether a party would be entitled to a directed verdict on the same facts.'" Connell v. Colwell, 214 Conn. 242, 247,571 A.2d 116 (1980). A motion for summary judgment may be used to test the legal sufficiency of a complaint where the parties are at issue on an answer filed. Boucher Agency v. Zimmer,160 Conn. 404, 279 A.2d 540 (1971).
(1) Prior Compensation
Defendants argue in their memorandum in support of this motion that summary judgment should be granted on all counts in the complaint on the basis that the damages claimed in the present action are exactly those claimed in the prior action for which the plaintiff has already been fully compensated; therefore, defendants maintain, she cannot recover another CT Page 11743 judgment for the identical damages. Defendants have submitted as Exhibit "A" to their motion, a copy of the stipulated judgment entered by the court, on November 13, 1992, in favor of plaintiff, and two other passengers, against Staubach and plaintiff's "uninsured motorist" carrier, Aetna Casualty and Surety, in the case of Traci A. Dreher, et al v. Richard DavidStaubach, et al, Docket No. CV-91-0399199-S. Pursuant to the stipulated judgment, plaintiff was entitled to recover $58,140.75 from Staubach, and $375,000.00 from Aetna, for a total of $433,140.75.
Plaintiff contends in her memorandum in opposition to the motion for summary judgment that the full measure of loss was not litigated in the prior action, since a stipulated judgment is not a judicial determination of any litigated right. Plaintiff further maintains that the injuries recovered in the prior action were for non-economic damages, whereas the recovery sought in the present case is for economic damages. A purveyor of intoxicating liquors and the intoxicated driver are assumed to be joint tortfeasors. Gionfriddo v.Gartenhaus Cafe, 15 Conn. App. 392, 398, 546 A.2d 284 (1988).See also: Gionfriddo v. Gartenhaus Cafe, 211 Conn. 67 (1989). "`An injured party is entitled to full recovery only once for the harm suffered'. . . . For a recovery from a second tortfeasor to be barred, however, it must be shown that the injured party has received a full recovery." Hammond v.Waterbury, 219 Conn. 569, 577, 594 A.2d 939 (1991). "`When a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforceable claim against any other obligor . . . .'" Id. at p. 577 fn. 3. Where, however, the damages were never litigated in the prior proceeding, the question of whether a stipulated judgment represented a full recovery is a question of fact. Id. at p. 577 fn. 3.
Whether the stipulated judgment entered in the prior action represented a full recovery is properly a question for the trier of fact. The stipulated judgment expressly restricted the amounts recovered to compensate plaintiff for pain, suffering and permanency (non-economic damages)." Plaintiff's counsel (who also represented her in the prior action) attests in his affidavit, submitted along with the plaintiff's memorandum, that "[t]he stipulated judgment entered without any trial on the issue of damages or any determination by a fact-finder as to the issue of damages." CT Page 11744 Thus, because a genuine issue of fact exists as to whether plaintiff has already been fully compensated for her damages, defendants' are not entitled to summary judgment on this asserted ground.
(2) Count One — Statutory Limit Recoverable
Defendants argue in their memorandum in support of their motion that since plaintiff recovered an amount in the prior action in excess of the statutory limit allowed by General Statutes § 30-102, the first count of the plaintiff's complaint should be barred and summary judgment should be entered for defendants as to that count.
General Statutes § 30-102 limits "just damages" against a seller of alcohol "up to the amount of twenty thousand dollars."Sanders v. Officers Club of Connecticut, Inc. 196 Conn. 341,354, 493 A.2d 184 (1985). In Sanders the injured plaintiff brought an action under General Statutes § 30-102; preceding that action, the plaintiff obtained a stipulated judgment against the intoxicated driver for $55,000. A jury awarded the plaintiff $504,390 in "just damages" in the subsequent Dram Shop action against the defendant liquor establishment; the trial court reduced the damage award to $20,000. The Court held that "[g]iven the vast disparity between the amount of the verdict and the sum of the stipulated judgment plus the maximum amount recoverable under General Statutes § 30-102, the plaintiff was entitled to recover the full $20,000 allowable under that statute." Id. at p. 355.
It would appear to the court that depending on what a fact-finder would award the plaintiff as "just damages" in this case, plaintiff's right to recovery under General Statutes § 30-102 would not be barred. In the present case, there has been no finding of fact regarding "just damages." Therefore, since a genuine issue of material fact exists as to the amount of the plaintiff's "just damages", defendants are not entitled to summary judgment on the first count.
(3) Count Two — Reckless Conduct
Defendants maintain in their memorandum of law that the mere interjection of terms such as "intentionally", "knowingly" and "full knowledge" are insufficient, in and of CT Page 11745 themselves, to establish a claim of reckless conduct. Defendants also argue that because plaintiff has failed to set forth, in the second count, sufficient facts to establish a cause of action under a theory of reckless conduct, that count of the complaint fails and summary judgment thereon should be granted.
"In order to prove that a sale of intoxicating liquor was made in a willful, wanton and reckless manner, the plaintiff must demonstrate that the defendants acted in a manner that tended to take on the aspect of `highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent.'" Coblev. Maloney, 34 Conn. App. 655, 661, ___ A.2d ___ (1994). However, "[t]he mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 46, 492 A.2d 219 (1985).
In Coble v. Maloney, 2 Conn. L. Rptr. 751 (November 16, 1990) the lower court had determined on a pretrial motion that the following allegations were sufficient to support an action for reckless and wanton conduct:
 The collision and the plaintiff's injuries and losses were the result of the willful, wanton and reckless conduct of the defendants, or their servants, agents or employees, in that they served alcoholic liquor to an obviously intoxicated individual, the defendant Brian P. Maloney, when they knew, or should have known that the said defendant would be driving a motor vehicle when he left The Pub Cafe and would be likely to cause an injury to others. (Emphasis added).
In Shift v. My Brother's Place Ltd., Superior Court, Judicial District of Middlesex, Docket No. 065595, (March 5, 1993), the Court found the following allegations insufficient to support an action for reckless and wanton conduct:
 The accident and the plaintiff's injuries and losses were caused by the wilful, CT Page 11746 wanton and reckless conduct of the defendant, its agents, servants and/or employees in that they served alcohol to Keith Royce while they knew he was intoxicated, all of which resulted in the plaintiff's injuries.
In granting the motion to strike, the Court in Shift held that "the plaintiffs [had] alleged no facts which would indicate that the defendants, or their agents, continued to serve Royce despite observable manifestations of intoxication." (Emphasis added). Id. The Court stated further that while the plaintiffs need not have alleged specific characteristics of intoxication, they must at least allege some elements which go beyond the mere conclusion that the defendants served an intoxicated person." Id.
In the present case, plaintiff alleges in the second count that:
 (a) . . . the Defendants, their servants, agents and/or employees continued to supply and/or sell intoxicating liquors to Richard Staubach who was already visibly intoxicated and in a visibly disorientated condition, with full knowledge of his intention to operate an automobile shortly thereafter;
 (b) . . . the Defendant, their servants, agents and/or employees continued to supply and/or sell intoxicating liquors to Richard Staubach who was already visibly intoxicated and in a visibly disorientated condition, with full knowledge of the likelihood of his causing serious danger of violence or harm to others using the public highways. (Emphasis added).
Such characteristics as "visibly intoxicated" and "visibly disorientated," as alleged by plaintiff, constitute, in this court's view, "observable manifestations of intoxication" which go beyond a mere conclusion that defendants served Staubach while he was intoxicated. CT Page 11747 Therefore, since plaintiff has alleged sufficient facts, which if proven, would sustain an action for reckless conduct, defendants' are not entitled to summary judgment on the second count.
(4) Counts One and Two — Proof of Intoxication
Defendants argue that because plaintiff has not presented one witness who will testify that Staubach was visibly intoxicated while at defendants' bar, summary judgment should be granted on the first and second counts of the complaint.
Both counts concern a determination by the trier of fact that there was (1) a sale of intoxicating liquor (2) to an already intoxicated person (3) who, as a result of such intoxication, caused injury to the person or property of another. Sanders v. Officers Club of Connecticut, Inc.,
196 Conn. supra at p. 349.
 "To be intoxicated is something more than to be merely under the influence of, or affected to some extent by, liquor. . . . When it is apparent that a person is under the influence of liquor, when his manner is unusual or abnormal and is reflected in his walk or conversation, when his ordinary judgment or common sense are disturbed or his usual will power temporarily suspended, when these or similar symptoms result from the use of liquor and are manifest, a person may be found to be intoxicated. He need not be `dead drunk'." Id., 349-50.
"[I]t is the jury's right to draw logical deductions and make reasonable inferences from the facts proven . . . ."Coble v. Maloney, 34 Conn. App. supra at p. 671. In Coble, the Appellate Court affirmed the trial court's denial of the defendants' motion for directed verdict with regard to the plaintiff's claim of wilful, wanton and reckless conduct in the service of alcohol. The Court premised its determination, in part, on the intoxicated driver's own testimony regarding the number of alcoholic drinks consumed and his condition while at the defendants' bar, holding that the jury reasonably could have inferred that the driver manifested signs of CT Page 11748 intoxication. Id. at p. 671. In a similar appeal, the Appellate Court, in Futterleib v. Mr. Happy's, Inc., 16 Conn. App. 497,548 A.2d 728 (1988), also affirmed the trial court's denial of the defendant's motion for directed verdict basing its decision, in part, on the intoxicated driver's own testimony regarding the number of drinks consumed, and his condition while at the defendant's bar.
In the present case, Staubach's own statement regarding the number of alcoholic drinks consumed, and his condition while at the cafe is recorded in both his deposition dated June 11, 1992, and the court's transcript of the prejudgment remedy hearing dated May 24, 1993. Staubach stated that while at Bahama Bob's he had "at least four beers and maybe one more and one or two shots". In addition, he stated that while at Bahama Bob's he felt "buzzed or something like that. I wasn't falling on my face, but I wasn't sober. Probably more talkative, slightly maybe argumentative, that type of behavior."
It is felt that Staubach's own statements regarding his condition and the number of drinks he consumed would permit a reasonable jury to infer that he manifested signs of intoxication; therefore, it is concluded that a genuine issue of material fact exists as to whether Staubach manifested signs of intoxication while being served at defendants' cafe. Accordingly, the granting of defendants' motion for summary judgment as to counts one and two would not be appropriate.
(5) Counts Five and Six — Negligent Conduct
In their memorandum of law, defendants argue that no cause of action exists for negligence in selling alcohol to an intoxicated adult who, after leaving the premises, harms another; therefore, defendants maintain that on the fifth and sixth counts of the complaint they are entitled to judgment as a matter of law. Plaintiff argues, in response, that while there is no cause of action for negligence against one who furnished intoxicating liquor to a person who subsequentlybecame intoxicated, there is a cause of action for furnishing intoxicating liquor to one who was already visibly intoxicated.
"At common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be CT Page 11749 intoxicated. `While such acts may constitute the breach of a duty owed to others, the cause of action in a variety of factual settings has uniformly failed for the reason that the subsequent injury has been held to have been proximately caused by the intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury.'" (Emphasis added) Quinnett v. Newman, 213 Conn. 343, 345, 568 A.2d 786
(1990), quoting Ely v. Murphy, 207 Conn. 88, 92-93,540 A.2d 54 (1988).
Case law specifically declines to recognize a cause of action based upon negligence against a vendor who sells alcoholic beverages to an adult who is already intoxicated. The fifth and sixth counts of plaintiff's complaint allege liability against defendants for their negligent conduct in the sale of alcoholic beverages to Staubach. Consistent with Connecticut law, summary judgment will lie as to those counts; that is, with respect to counts five and six, defendants are entitled to judgment as a matter of law.
(6) Conclusion
With respect to the first and second counts of plaintiff's complaint, defendants' motion for summary judgment is denied. As to counts five and six of the complaint, defendants' motion for summary judgment is granted.
Mulcahy, J.