[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Janet S. Kalwat, filed a three count complaint in dental malpractice, violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110 et seq., and fraudulent misrepresentation against the defendant, Ernest Arnow, a dentist practicing in Norwalk. The plaintiff alleges in the first count of her complaint that the defendant was negligent in his treatment of the plaintiff causing her to suffer injuries. The plaintiff further alleges that the defendant concealed his negligent treatment from the plaintiff, causing her to continue treatment with the defendant and therefore preventing her from obtaining treatment for the problems caused or aggravated by the defendant.
The defendant has filed a motion for summary judgment (#141) as to counts two and three of the plaintiff's complaint on the CT Page 1319-S ground that negligence is not sufficient to support a cause of action in CUTPA, and that the plaintiff has not alleged sufficient facts to support a cause of action in fraudulent concealment.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrettv. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner,229 Conn. 213, 217, 640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt's Manufacturing Co.,230 Conn. 660, 665, 646 A.2d 143 (1994).
The defendant contends that the plaintiff has essentially alleged a cause of action in negligence, which is insufficient to support an action in CUTPA, and that the plaintiff has not alleged a general business practice or consumer injury. The plaintiff maintains that the defendant "withheld information from her regarding the risk of the procedure, the defendant's lack of skill in performing the procedure and the extent of damage she suffered as a result of his negligence," and that these allegations are sufficient to establish a claim in CUTPA.
In his motion for summary judgment the defendant is testing the legal sufficiency of counts two and three of the plaintiff's complaint. "The office of a motion for summary judgment is not to test the legal sufficiency of a complaint, but is to test for the presence of contested factual issues." Burke v. Avitable,32 Conn. App. 675, 772, 630 A.2d 624 (1993). Nevertheless, the Supreme Court has allowed the legal sufficiency of a cause of action to be determined on a motion for summary judgment when the CT Page 1319-T pleadings show that there is no genuine issue of fact and the complaint fails to state a cause of action. Casei Agency, Inc. v.Zimmer, 160 Conn. 404, 409-10, 279 A.2d 540 (1971). However, "the motion should only be granted if it meets the standard for a motion for summary judgment, not for a motion to strike." Steplerv. Zelich, Superior Court, Judicial District of New Haven at New Haven, Docket No. 326980 (January 30, 1995, Zoarski, J.).
"General Statutes § 42-110b (a) provides: `No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.'" Norwich Savings Society v. Caldrello,38 Conn. App. 859, 865, 663 A.2d 415 (1995). "In determining whether the defendant has engaged in such activity and thereby violated CUTPA, courts must apply the so-called `cigarette rule' which asks (1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]." (Internal quotation marks omitted.) Larsen Chelsey Realty Co. v. Larsen,232 Conn. 480, 507, 656 A.2d 1009 (1995). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Jacobs v. HealyFord-Subaru, Inc., 231 Conn. 707, 725, 652 A.2d 496 (1995).
The first issue is whether CUTPA can apply to dentists and their providing of dental services to a patient. Whatever doubt existed as to this issue was put to rest rather forcefully in a footnote in Larson Chelsey Realty Co. v. Lansen, supra,232 Conn. 496, fn. 19 "We hasten to add, however, that the entrepreneurial aspects of the practice of law, such as attorney advertising, remains well within the scope of CUTPA." There is no reason to conclude that the practice of dentistry is any less "entrepreneurial" then the practice of law. This remains true despite some language in the decision that might appear to limit CUTPA to the protection of "honest businessmen" from "deceptive or unscrupulous [businessmen]". Larsen Chelsey Realty Co. v. Larsen,
Id., 497, and assisting "businessmen in not losing out to those members of the business community who won't play fair." Id. 498. CT Page 1319-U
In the present case, the plaintiff repeats the allegations of the first six paragraphs of the professional negligence count, including that the defendant "failed to inform" the plaintiff that he had caused or aggravated her dental problem due to failure to properly treat her. In the CUTPA count, the plaintiff alleges that the defendant misrepresented her dental condition and concealed from her his lack of skill in his performance of dental work. Thus, the plaintiff has in effect repeated in the CUTPA count her claim that the defendant failed to advise her of his negligence. Thus, both the first count and the CUTPA count are premised on negligence and the CUTPA count does not set forth a separate, cognizable cause of action. Accordingly, the defendant's motion for summary judgment as to count two is granted.
The defendant also contends that the plaintiff has not alleged sufficient acts to establish a cause of action in fraudulent misrepresentation. The plaintiff argues that the allegations of negligence and those of fraud are related but distinct.
"The essential elements of an action in common law fraud, as we have repeatedly held, are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Barbara Weisman, Trustee v.Kaspar, 233 Conn. 531, 539, 661 A.2d 530 (1995).
The plaintiff alleges that the defendant concealed the following facts from her: his negligent acts, that her condition was not healthy, that he performed procedures unskillfully, and the risks and consequences of the procedures he did and did not perform. The plaintiff further alleges that she relied on these misrepresentations in that she did obtain care to rectify the defendant's negligence, and that she has suffered injury as a result. These allegations are sufficient to state a cause of action in fraudulent misrepresentation. The defendant contends, however, that these allegations cannot be proven by the plaintiff. The defendant argues that he testified that he told the plaintiff immediately upon becoming aware of perforations, but the defendant also states in his memorandum that the plaintiff testified that the defendant did not tell her that "he was incompetent to do root canal therapy; that he was careless; and . . . that he might have perforated her canals long before the date on which he told her of the perforations." This presents CT Page 1319-V a genuine issue of material fact, and accordingly, the defendant's motion for summary judgment is denied as to count three.
So Ordered.
Dated at Stamford, Connecticut, this 5th day of February, 1996.
WILLIAM BURKE LEWIS, JUDGE.