[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' DECEMBER 12, 1996,MOTION FOR SUMMARY JUDGMENT
Factual Background
On May 1, 1995, the plaintiff, the Torrington Company ("Torrington") filed a nineteen count complaint against the defendants, Bardon Tool and Manufacturing Company, Inc. ("Bardon"), Paul Achilli, John Achilli, and Jean Achilli.[1]
The plaintiff's complaint arises from the alleged breach of various contracts entered into by the parties, whereby the defendants agreed to supply parts to the plaintiff. The plaintiff sets forth the following causes of action in its complaint: breach of contract (counts one through sixteen); tortious conduct (count seventeen); violation of Connecticut Unfair Trade Practices Act ("CUTPA") (count eighteen), and misrepresentation (count nineteen).
Pursuant to Practice Book § 378 et seq., the defendants filed a motion for summary judgment dated December 12, 1996, as to counts one through sixteen of the plaintiff's complaint. The CT Page 2855 defendants also filed a memorandum of law in support of their motion for summary judgment. On January 17, 1997, the plaintiff filed an objection to the defendants' motion for summary judgment with a supporting memorandum. The defendants then filed a reply memorandum. For the reasons stated, defendants' motion is denied.
Legal Discussion
The defendants' motion for summary judgment challenges the legal sufficiency of counts one through sixteen of the plaintiff's complaint. The plaintiff responds that the defendants are improperly using a motion for summary judgment as a motion to strike.
Ordinarily, "[t]he office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues"Burke v. Avitabile, 32 Conn. App. 765, 772, 630 A.2d 624, cert.denied, 228 Conn. 908, 634 A.2d 297 1993). "Nevertheless, the Supreme Court has allowed the legal sufficiency of a cause of action to be determined on a motion for summary judgment when the pleadings show that there is no genuine issue of fact and the complaint fails to state a cause of action." Kalwat v. Arnow,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 132773 (February 5, 1996, Lewis, J.,16 Conn. L. Rptr. 111); Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971). "However, the motion should only be granted if it meets the standard for a motion for summary judgment, not for a motion to strike" (Internal quotation marks omitted) Kalwat v. Arnow, supra; Stepler v. Zelich, Superior Court, judicial district of New Haven at New Haven, Docket No. 326980 (January 30, 1995, Zoarski, J.).
The court agrees with plaintiff that the better and correct procedure to contest the legal sufficiency of the allegations of a complaint is by a motion to strike. Nevertheless, the court will consider the defendants' motion for summary judgment for the sake of judicial efficiency and economy. See, e.g., Kakadelis v.DeFabritis, 191 Conn. 276, 281, 464 A.2d 57 (1983); United OilCo. v. Urban Redevelopment Commission, 158 Conn. 364, 375,260 A.2d 596 (1969).
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other CT Page 2856 proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. "A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Brackets omitted; internal quotation marks omitted.) Miller v. United Technologies Corp.,233 Conn. 732, 752, 660 A.2d 810 (1995). "A directed verdict may be rendered only where, on the evidence viewed in the light mostfavorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Brackets omitted; emphasis in original; internal quotation marks omitted.) Id. "The facts as well as the evidence must be viewed in the light most favorable to the nonmoving party." Id. "The burden of proof is on the moving party and the standards of summary judgement are strictly and forcefully applied." Id.
The allegations in a complaint should be viewed broadly and realistically, not through the lens of archaic pleading rules.See, e.g., Normand Josef Enterprises, Inc. v. ConnecticutNational Bank, 230 Conn. 486, 496 (1994). The complaint must be read in its entirety. See Practice Book Section 131. See also C.G.S. Section 42a-1-102, providing that the Uniform Commercial Code is to be "liberally construed and applied to promote its underlying purposes and policies."
The defendants contend that counts one through sixteen of the complaint allege common law breach of contract involving the sale of goods. The defendants asserts that the Uniform Commercial Code ("UCC") is applicable for transactions involving the sale of goods and thereby preempts any common law breach of contract allegations. In contrast, the plaintiff claims that it has properly pleaded a cause of action for breach of contract under the UCC.
Viewing the facts and pleadings in a light most favorable to the plaintiff, the court finds that the plaintiff has alleged causes of action under Article 2 of the UCC in counts one through sixteen. Count one of the complaint states, in pertinent part, that "Torrington, in an effort to allow Bardon to cure its anticipatory repudiation/breach, requested adequate assurances of performance consistent with Conn. Gen. Stat. Section 42a-2-609." Paragraph 5. This allegation, specifically making reference to a provision of the Code, is incorporated by CT Page 2857 reference in the remaining fifteen counts. See Practice Book Section 109. Accordingly, the defendants' motion for summary judgment is denied.
Conclusion
The complaint clearly gives notice that claims are being asserted under the Uniform Commercial Code. Consequently, for the reasons stated, the defendants' motion for summary judgment is hereby denied.
Douglas S. Lavine Judge Superior Court