[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Murphy, and the defendant LaChapell, were both at a party at the home of the defendant, Kathy Parizo, hosted by her daughter, the defendant Jennifer Parizo. While the party was in progress a fight broke out between the plaintiff Murphy and the defendant LaChapell, both invited guests. The plaintiff Murphy's jaw was broken during the fight. Murphy now seeks to recover damages for his injuries resulting from this incident.
The defendants Kathy and Jennifer Parzio seek summary judgment on Count three which alleges negligent supervision as to Kathy Parizo, Count four which alleges negligence as to Jennifer Parizo, and Count five alleging recklessness as to Jennifer Parizo.
"The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v. Avitabile,32 Conn. App. 765, 772, 630 A.2d 624 (1993). "Nevertheless, the Supreme Court has allowed the legal sufficiency of a cause of action to be determined on a motion for summary judgment when the pleadings show that there is no genuine issue of fact and the CT Page 5583 complaint fails to state a cause of action." Kalwat v. Arnow,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132773 (February 5, 1996, Lewis, J.16 Conn. L. Rptr. 111); Boucher Agency v. Zimmer, 160 Conn. 404, 409-10,279 A.2d 540 (1971). In such circumstances, the motion for summary judgment is treated "as if it were a properly presented motion to strike." Aetna Casualty and Surety Co. v. Jones,220 Conn. 285, 293, 596 A.2d 414 (1991). The Court will therefore treat this motion as a motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra 240 Conn. 576, 580, 693 A.2d 293 (1997).
 A Count Three — Negligent Supervision
The Parizos assert that count three fails to state a cause of action for negligent supervision.
Under Count three paragraph 6 a of Murphy's amended complaint the plaintiff alleges that his injuries were proximately caused by Kathy Parizo's negligent supervision of the premises in that she failed to prevent her daughter from creating an unreasonable risk of bodily harm in that she knew her daughter, the defendant Jennifer Parzio (i) would hold a party; (ii) that she failed to supervise her daughter and her guests; (iv) that she knew or should have known that alcohol would be served; (v) that she knew or should have known that guests would become drunk. These allegations which the court construes to be a claim for negligent supervision of a minor child is a legally sufficient cause of action.
"[T]he torts of children do not impose vicarious liability on the parents qua parents. . . ." Kaminski v. Fairfield216 Conn. 29, 34, 578 A.2d 1048 (1990) However, parental liability may be CT Page 5584 created by . . . independently negligent behavior on the part of the parents." Id.
"A parent is under a duty to exercise reasonable care so to control his minor child as to prevent him from . . . so conducting himself as to create an unreasonable risk of bodily harm to . . . [others], if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control." (Internal quotation marks omitted.) Natale v.Caron, supra, 19 Conn. L. Rptr. 461; 2 Restatement (Second), Torts, Standard of Conduct § 316, p. 123 (1965). In LeBrun v.Callahan, Superior Court, judicial district of New Haven at New Haven, Docket No. 283355 (May 14, 1991, Dorsey, J.), the court denied a motion to strike a claim for negligent supervision of a minor where the plaintiff alleged that the injuries and death of the decedent were caused by the negligent acts of the defendant parents by allowing, and then failing to supervise, a party at their home where alcohol was served. Id.[1]
The motion to strike count three is denied.
 B Count Four — Negligence
In count four the plaintiff alleges that the defendant Jennifer Parizo, a minor, was negligent in that she procured and served the alcoholic beverages to the defendant LaChapell, and that she knew or should have known that the comsumption of alcohol would have caused injuries to the plaintiff. (Par 6. B.)
Jennifer Parizo argues that she cannot be liable for negligent service of alcohol to a minor because at the time of the alleged service of alcohol she was a minor under the age of eighteen. The traditional rule at common law was that a social host or purveyor of alcohol was not liable for any resulting injuries because the voluntary consumption of the alcohol by the tortfeasor constituted an intervening cause, so proximate cause could not be proven. Ely v. Murphy, supra, 207 Conn. 93. In Elyv. Murphy, an adult social host served alcohol to a minor who thereby became intoxicated and fatally injured another with his car. Id., 89-90. The court found that the voluntary consumption of alcohol by a minor did not, as a matter of law, constitute an intervening cause. Id., 95. CT Page 5585
The question in this case is whether a minor can be found to be negligent in serving alcohol to another minor. In Ely an adult was held responsible in serving alcohol to a minor. Although there are Superior Court decisions which would not hold a minor liable for serving liquor to a minor on the grounds that the minor suppling the liquor was as incapable of assimilating the effects of alcohol, Carlson v. Sabat, Superior Court, judicial district of Tolland at Rockville, Docket No. 57122 (July 21, 1995, Klaczak, J.), this court would agree with those decisions that would permit such a claim. See Pepin v. Cacchillo, Superior Court, judicial district of New Haven at New Haven, Docket No. 364290 (August 4, 1998, Zoarski, J.T.R.) (a nineteen year-old may be liable as an adult for the purpose of social host liability);Madigan v. Kerrigan, Superior Court, judicial district of Waterbury, Docket No. 132101 (September 2, 1997, Handy, J.) (a twenty year-old may be liable as an "adult social host" who serves liquor to a minor who thereafter injures an innocent third party); but see LeBrun v. Callahan, Superior Court, judicial district of New Haven at New Haven, Docket No. 283355 (December 13, 1989, Gormley, J.) (a minor of unspecified age held liable for negligent service of alcohol to another minor).
The court agrees with comments of Judge Handy in her opinion in the Madigan decision when she said that it was difficult to fathom the concept "violate the law by drinking underage, provide another underage individual with alcohol, and do not worry about the result of those activities — you are exempt from liability because you are not 21." Id. In this case this court for the purpose of this motion must accept as true the allegations that the minor, defend ant Jennifer Parzio procurred the liquor and served it to the minor LaChapell. Whether she had the maturity to know that these actions were likely to cause the defendant to be come intoxicated and to do what he did do is a question of fact for the jury. The motions to strike the fourth count is denied.
 C Count Five — Recklessness
Count five, sought to be striken, claims that defendant Jennifer Parizo's conduct was reckless and wanton in serving alcohol to the defendant LaChapell who was intoxicated. (Par 6.a.) The court has already found that a minor can be held to be negligent for serving another minor alcohol. Whether the CT Page 5586 plaintiff can prove conduct beyond negligence, that would rise to reckless and wanton behavior is a question only of proof. A claim for recklessness does exist. The motion to strike count five is denied.
PELLEGRINO, J.