[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action the defendants New Milford Hospital, Inc. and New Milford Hospital Health Care, Inc. move to strike counts two, three, and four of the plaintiffs second amended complaint dated June 5, 2000. The defendants argue that counts two, three and four of the second amended complaint fail to state legally cognizable or legally sufficient cause of action. The court agrees.
The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. (Internal quotation marks omitted.) Novametrix Medical Systems, Inc., v.BOC Group, Inc., 224 Conn. 210, 214-15, (1992). "[h] the facts provable under [the] allegations . . . support . . . a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc., 196 Conn. 91, 109, (1985).
The plaintiff has filed a revised second amended complaint that incorporates [into count-one] certain non-duplicative count two allegations. (PI.'s Mem. Opp'n Mot. to Strike #2.)?7 Therefore, the court now considers the defendant's motion to strike relative only to the third (the breach of contract count) and fourth count (the trespass in the nature of an assault count) of the plaintiffs "Revised Second Amended Complaint" dated June 5, 2000.
The third count of the complaint sounds in breach of an implied contract. The plaintiff argues that an implied contract was established the "instant' the plaintiff "entered the treatment area of the hospital for purposes of treatment" and citing Composano v. Claiborn, 2 Conn. Cir. Ct. 135 (1963) and Rumbin v. Baez, 52 Conn. App. 487, (1999). The holdings in these cases do not support the plaintiffs position. InComposano, the court held that a breach of contract claim is a distinct claim that may arise . . . and may exist where the physician and patient CT Page 12789 contract for a specific result. See Composano v. Clairborn, supra, 137. The plaintiff does not allege any contract for any specific result. InRumbin v. Baez the court also found that Connecticut does not recognize a patient's cause of action for breach of contract except where the parties have contracted for a specific result. Rumbin v. Baez, supra,52 Conn. App. 491. Because there is no allegation that the parties contacted for a specific result, the claim in count three is essentially a medical malpractice claim clothed in the language of contract. Therefore, the motion to strike the third count of plaintiff s June 5, 2000 amended complaint is granted.
In the fourth count of the complaint, the plaintiff alleges that the taking of a blood sample at the hospital with an intravenous needle constitutes a trespass in the nature of an assault, that the procedure was invasive and painful that the sample was taken without her permission or consent and that the sample was not obtained to determine if the plaintiff was pregnant but to determine her blood alcohol level. (Compl., Fourth Count, ¶¶ 5-9.)
Where is the "trespass in the nature of an assault"? In deciding a motion to strike the court is limited "to a consideration of the facts alleged in the complaint." Doe v. Marselle, 38 Conn. App. 360, 364, (1995), rev'd on other grounds, 236 Conn. 845, (1996). "[A]n unintentional trespass to the person . . . if it be the direct and immediate consequence of a force exerted by the defendant wantonly or imposed without the exercise by him of due care, would make him liable for resulting injury. (Emphasis added.) Welch v. Durand, 36 Conn. 182,185." Lentime v. McAvoy, 105 Conn. 528, 530-31, (1927); The plaintiff has not alleged any wanton exercise of force by the defendant nor does the plaintiff allege any failure by the defendant to use due care. The court does not agree that "the word `force' defines the hospital Emergency Room setting" or that "by definition, any medical procedure performed without an informed consent is forceful." (See Pls. Mem. in Opp'n to Mot. to Strike at 3.)
Facts sufficient to support a claim of trespass have not been set forth. The motion to strike count four is granted.
Cremins, J.