[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#110) DEFENDANT'S MOTION TO STRIKE
The plaintiff, Elaine Clifford, filed a complaint on December 12, 2000, against the defendant, David M. Becker, D.D.S., alleging negligence/dental malpractice (count one), breach of contract (count two), fraud (count three) and a violation of the Connecticut Unfair Trade Practices Act (CUTPA) (count four). These allegations stem from dental services provided to the plaintiff by the defendant during the period of April 1998, through July 1999, specifically involving the removal of the plaintiff's dental caps. The plaintiff filed an amended complaint on March 14, 2001, but subsequently filed a revised complaint on April 18, 2001, in response to the defendant's request to revise which is the operative CT Page 12761 complaint for this motion.
The defendant now moves to strike counts two, three and four of the plaintiff's revised complaint on the ground that the plaintiff has failed to state legally sufficient causes of action upon which relief can be granted. Specifically, the defendant argues that under Connecticut law, a breach of contract claim based on an underlying malpractice claim is impermissible and legally insufficient.
The defendant further contends that the plaintiff has failed to allege the requisite elements of fraud and, lastly, argues that the CUTPA claim is insufficient because such claims are not recognized in the medical malpractice context. The defendant filed a memorandum in support of his motion, and the plaintiff timely filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim on which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc.v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, supra,236 Conn. 825.
 A Breach of Contract
The defendant argues that a breach of contract claim is impermissible because medical malpractice claims generally do not give rise to breach of contract claims. The plaintiff in response, argues that the claim is legally sufficient to withstand a motion to strike because she has alleged that the defendant promised her a specific result.
"An allegation of medical malpractice does not generally give rise to a breach of contract claim." Rumbin v. Baez, 52 Conn. App. 487, 491,727 A.2d 744 (1999). "A breach of contract claim is a distinct claim that may arise from the same facts and may exist where the physician and patient contract for a specific result." Id.
The plaintiff has alleged that the defendant contracted with the CT Page 12762 plaintiff to use reasonable care and skill in providing professional services. Clearly, this allegation on its own would not give rise to a breach of contract claim. See Facchini v. Miller, Superior Court, judicial district of Hartford, Docket No. 587686 (January 31, 2000,Wagner, J.) (granting the motion to strike "[s]ince a breach of contract claim against an accountant must allege more than a failure to provide the requisite standard of care and must allege a contract or that the accountant assured or warranted a specific result").
In Smith v. New Milford Hospital, Inc., Superior Court, judicial district of Litchfield, Docket No. 081384 (October 19, 2000, Cremins, J.) (28 Conn. L. Rptr. 413), the court held that "[b]ecause there is no allegation that the parties contracted for a specific result, the claim . . . is essentially a medical malpractice claim clothed in the language of contract." Id. In this case, however, the plaintiff further alleges that the defendant contracted with the plaintiff and represented that "the treatment was necessary and would result in restoration of posterior teeth, correction of Plaintiff's bite with an occlusion that provides uniform contact of her teeth, as well as correction of Plaintiff's upper and lower tooth size discrepancies and negative smile line so as to make her dental appearance aesthetically pleasing." (Emphasis added.) (Plaintiff's Revised Complaint, Count Two, ¶ 5.)
Since the plaintiff has alleged more than a failure to provide the requisite standard of care in her complaint by alleging that the defendant contracted with her and represented that the treatment was necessary and would have specific results, the plaintiff has alleged sufficiently a cause of action for breach of contract. Accordingly, the defendant's motion to strike count two of the plaintiff's revised complaint is denied.
 B Fraud
The defendant further argues that the court should strike count three because the plaintiff has failed to allege sufficiently a cause of action for fraud. Specifically, the defendant argues that the plaintiff has failed to allege any of the elements necessary to constitute a cause of action for fraud. The plaintiff maintains that the facts set forth in count three clearly apprise the defendant of the plaintiff's intention to pursue a claim for fraud.
"The elements comprising an action in fraud or fraudulent misrepresentation are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party CT Page 12763 making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." (Internal quotation marks omitted.) Statewide GrievanceCommittee v. Egbarin, 61 Conn. App. 445, 454, 767 A.2d 732, cert. denied, 255 Conn. 949, 769 A.2d 64 (2001). "Fraud involves deception practiced in order to induce another to act to her detriment, and which causes that detrimental action." (Internal quotation marks omitted.)Pospisil v. Pospisil, 59 Conn. App. 446, 450, 757 A.2d 655, cert. denied, 254 Conn. 940, 761 A.2d 764 (2000).
In support of her fraud claim, the plaintiff incorporates the first fifteen paragraphs of her negligence claim based on dental malpractice. Further, the plaintiff alleges that the "Defendant billed plaintiff for the professional services he rendered but failed to credit Plaintiff's account for cash payments and deposits made by her directly . . . [and] submitted billings to Plaintiff's dental insurance carriers containing inflated charges and for services not rendered by his office thereby reducing Plaintiff's limited coverage for such treatment and procedures." (Plaintiff's Revised Complaint, Count Three, ¶ 16 and 17.) The plaintiff argues that the facts alleged in her complaint "fairly and adequately apprise the defendant of plaintiff's intention to pursue a claim for fraud." (Plaintiff's Memorandum, p. 10.)
The plaintiff's "failure to plead . . . without using the talismanic words of our black letter law of fraud does not necessarily warrant striking that Count." The Advest Group, Inc. v. Arthur Anderson, LLP, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 571417 (July 28, 1998, Aurigemma, J.) (22 Conn. L. Rptr. 520, 523). In this case, however, the plaintiff has not set forth any of the elements of fraud in her complaint, but instead has merely alleged facts which she claims essentially imply the elements of fraud. In viewing the fraud claim in a manner most favorable to the plaintiff, the allegations do not support the requirement of setting forth the elements of fraud. Id. The plaintiff "must comply with the requirement that a fraud claim be [pleaded] with specificity." Id.
Since this court is unwilling to infer that the plaintiff has properly set forth the elements of fraud based on her factual allegations, the fraud claim is legally insufficient. Accordingly, the court grants the defendant's motion to strike count three of the plaintiff's revised complaint.
 C CUTPA CT Page 12764
Lastly, the defendant argues that the court should strike the plaintiff's CUTPA claim because a CUTPA claim cannot be based on malpractice. The plaintiff argues that her CUTPA claim should be allowed and further argues that double billing constitutes a CUTPA violation.
General Statutes § 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "[I]n determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]. . . . All three criteria do not need to be satisfied to support a finding of unfairness." (Internal quotation marks omitted.) Calandro v. AllstateIns. Co., 63 Conn. App. 602, 607-08, ___ A.2d ___ (2001).
The Connecticut Supreme Court has held that "the provision of medical services falls within CUTPA's definition of trade or commerce as the distribution of any services." (Internal quotation marks omitted.) Haynesv. Yale-New Haven Hospital, 243 Conn. 17, 32, 699 A.2d 964 (1997); see also Kalwat v. Arnow, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 132773 (February 5, 1996,Lewis, J.) (16 Conn. L. Rptr. 111, 112) (holding that CUTPA can apply to dental services because "[t]here is no reason to conclude that the practice of dentistry is any less `entrepreneurial' than the practice of law"). "[T]he touchstone for a legally sufficient CUTPA claim against a health care provider is an allegation that an entrepreneurial or business aspect of the provision of services is implicated, aside from medical competence or aside from medical malpractice based on the adequacy of staffing, training, equipment or support personnel." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, 252 Conn. 193, 213,746 A.2d 730 (2000). "Medical malpractice claims recast as CUTPA claims cannot form the basis for a CUTPA violation." Id. "To hold otherwise would transform every claim for medical malpractice into a CUTPA claim." Id.
"Although physicians and other health care providers are subject to CUTPA, only the entrepreneurial or commercial aspects of the profession are covered, just as only the entrepreneurial aspects of the practice of law are covered by CUTPA." Haynes v. Yale-New Haven Hospital, supra,243 Conn. 34. In reviewing case law from other jurisdictions, the Supreme CT Page 12765 Court noted that CUTPA claims "may arise . . . only when the actions at issue are chiefly concerned with entrepreneurial aspects of practice, such as the solicitation of business and billing practices, as opposed to claims directed at the competence of and strategy employed by the . . . [defendant]." (Emphasis added; internal quotation marks omitted.) Id.,35-36, quoting Ikuno v. Yip, 912 F.2d 306, 312 (9th Cir. 1990). "To date, the Supreme Court has approved the application of CUTPA only to the business operations that are the same for health care providers as for a business offering any other kind of product or service, such as billing
or transactions involving corporate assets." (Emphasis added.) BridgeportHospital v. Cone, Superior Court, judicial district of Waterbury, Docket No. 151787 (October 24, 2000, Hodgson, J.) (28 Conn. L. Rptr. 425, 428).
In support of her CUTPA claim, the plaintiff incorporates the seventeen paragraphs from her claim in count three based on fraud, the first fifteen of which are based on her negligence claim in count one. Specifically, under the fraud claim, the plaintiff alleges that the defendant billed the plaintiff for professional services rendered, but failed to credit the plaintiff's account for cash payments and deposits made by her directly. The plaintiff also alleges that the defendant submitted billing to the plaintiff's dental insurance carriers containing inflated charges and for services not rendered by his office, thereby reducing the plaintiff's limited coverage for such services. In her CUTPA count, the plaintiff further alleges that the defendant engaged in or conducted a trade and/or business in the state of Connecticut which was engaged in the marketing and sale of professional dental services and that the defendant engaged in a pattern of deceptive, unscrupulous and unethical practices which violate the public policies of the state of Connecticut. As a result of such practices, the plaintiff has alleged that she suffered damages.
By alleging that the defendant has engaged in improper billing practices, the plaintiff has clearly pleaded a sufficient cause of action for CUTPA under Connecticut law to withstand a motion to strike. SeeHaynes v. Yale-New Haven Hospital, supra, 243 Conn. 34; BridgeportHospital v. Cone, supra, Superior Court, Docket No. 151787. Accordingly, the defendant's motion to strike count four of the plaintiff's revised complaint is denied.
For the foregoing reasons, the court denies the defendant's motion to strike counts two and four of the plaintiff's revised complaint and grants the defendant's motion to strike count three of the plaintiff's revised complaint.
By the Court, CT Page 12766
Joseph W. Doherty, Judge