[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The Packy, Inc., the defendant, was a liquor store located in New London. On September 3, 1997, Casey McGrath purchased beer from the defendant. McGrath was an adult, but when he purchased the beer, Jonathan Baldi, who was a minor, was present in the store. After buying the beer, McGrath shared it with Baldi. Baldi subsequently drove his vehicle while under the influence. Christopher Fusco, the plaintiff, was a passenger in Baldi's car. At some point during the drive, Baldi lost control of the car, collided with another vehicle and ultimately struck a utility pole. As a result of the collision, Fusco allegedly suffered physical injuries.
On October 6, 1999, Fusco filed a two count complaint. In count one he alleged breach of contract against his insurance carrier. In count two, he alleged negligence against the defendant. The defendant filed a motion to strike count two on February 9, 2000. Fusco filed his opposition to the motion to strike on July 13, 2000.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the CT Page 15559 court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . .If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997).
In its motion to strike, the defendant argues that the plaintiff's second count should be stricken because the facts alleged are legally insufficient to show that the defendant owed a duty of care to the plaintiff.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). "The existence of a duty of care . . . is a matter of law for the court to decide." Burns v.Board of Education, 228 Conn. 640, 646, 638 A.2d 1 (1994). "The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. . . .By that [it] is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623,633 (2000).
Because the plaintiff was harmed by the actions of a third person, specifically by the drinking and driving of Baldi, normally he would have to allege that the defendant had a special relationship of custody or control over the third person in order to prevail. Fraser v. UnitedStates, 236 Conn. 625, 632, 674 A.2d 811 (1996).
To support his contention, the plaintiff relies upon Ely v. Murphy,207 Conn. 88, 540 A.2d 54 (1988), and Bohan v. Last, 236 Conn. 670, 679,674 A.2d 839 (1996). The plaintiff's reliance upon these cases, however, is misplaced. In Ely, the owner of the premises knew that minors had free access to alcohol served at a party held in his house. Ely v. Murphy, supra, 207 Conn. 90. Bohan concerned a plaintiff alleging that patrons of a bar directly served a minor. Bohan v. Last, supra, 236 Conn. 673. Neither case is comparable to the present case, in which the defendant did not sell alcohol to the minor.
The plaintiff argues further that the defendant owed him a duty of care because the defendant knew or should have known that it was selling CT Page 15560 liquor that would be consumed by the minor. "Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual." (Internal quotation marks omitted.) Lodge v. Arett Sales Corp., 246 Conn. 563,571, 717 A.2d 215 (1998).
The Supreme Court uses a two-part test to determine whether a duty of care exists in a given situation. "[T]he test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in this case." (Internal quotation marks omitted.) Id., 572. "[The] first step in an analysis of whether a duty exists and the extent of the defendant[s] duty, therefore, is to determine the foreseeability of the plaintiff[s'] injury." Id.
The plaintiff has failed to plead that the defendant owed a duty to the plaintiff because the plaintiff was not a foreseeable victim of the defendant's conduct. The defendant's conduct of selling the alcohol in question to an adult customer accompanied by a minor is too attenuated to the alleged harm suffered by the plaintiff.
"Many harms are quite literally `foreseeable,' yet for pragmatic reasons, no recovery is allowed." Id., 576. In hindsight, it might have been literally foreseeable that the adult customer would provide the alcohol to the minor and that the minor would subsequently cause an accident while under the influence. It was not, however, reasonably foreseeable because it took an active, independent and intervening act by the adult purchaser to furnish the liquor to the minor, and it took another independent act by the minor to drive under the influence. "Liability may not be imposed merely because it might have been foreseeable that some accident could have occurred; rather, liability attaches only for reasonably foreseeable consequences." (Emphasis in original.) Id., 577. To extend a duty from a liquor store to any person who is injured by a minor to whom the store did not sell the alcohol would convert the standard of reasonable foreseeability into one of strict liability.
Moreover, that the policy considerations weigh against imposing a duty of care on the defendant store because to do so would make it virtually impossible for a liquor store to sell liquor without incurring excessive CT Page 15561 liability whenever a minor gets access to the liquor the store legally sold and causes injuries. "[I]mposing liability for consequential damages often creates significant risks of affecting conduct in ways that are undesirable as a matter of policy. Before imposing such liability, it is incumbent upon [a court] to consider those risks." (Internal quotation marks omitted.) Id., 579.
The defendant in this case could not have reasonably foreseen that the buyer of the alcohol would give that alcohol to a minor who would then cause a car accident and injure the plaintiff because the driver decided to drive while intoxicated. In addition, to find that the defendant owed a duty to the plaintiff would create a policy that would deter any business from selling liquor to adults. Therefore, the motion to strike is granted because the facts the plaintiff has alleged fail to show that the defendant owed the plaintiff a duty of care.
Martin, J.