[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#105)
The plaintiff, Janet Federico, is the administratrix of the estate of Charles J. Federico, a minor child who was killed when his bicycle was struck by a vehicle driven by Oleg Konyszew. The plaintiff has brought this action against David Caruso, dba Adamo's Package Store. The complaint alleges that the defendant, his agents, servants or employees of Adamo's Package Store sold alcoholic liquor to Oleg Konyszew while he was already intoxicated. The complaint is in four counts.
The First Count is brought pursuant to General Statutes § 30-102, Connecticut's Dram Shop Act.[1] The Second Count alleges that the sale of liquor to Oleg Konyszew was willful, intentional, wanton and/or reckless. In the Third Count, the plaintiff alleges that the defendant was careless and negligent for continuing to sell liquor to the driver, for allowing the driver to drive his vehicle and for inadequately training and supervising his employees to prevent the sale of liquor to an intoxicated person. The Fourth Count alleges that the sale of alcoholic liquor to Oleg Konyszew violated General Statutes §§ 30-74,30-86, 30-102 and the public policy of the state. The count further alleges that these acts violate Connecticut's Unfair Trade Practices Act, General Statutes § 42-110a et seq. (CUTPA).
The defendant has moved to strike the Third and Fourth counts of the complaint. The plaintiff opposes the motion. Both parties have filed memorandums of law in support of their positions. CT Page 4602
Practice Book § 10-39 provides that "[w]henever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.) Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "A motion to strike admits all facts well pleaded." Parsons v.United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "[A] trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). If the facts of the complaint are not legally sufficient to state a cause of action, the complaint should be stricken. Gulak v. Gulak,30 Conn. App. 305, 620 A.2d 181 (1993).
 I
The defendant has moved to strike the Third Count of the complaint which is based on allegations of negligence. The defendant argues that Connecticut does not recognize a cause of action for the negligent sale of alcohol to an intoxicated person who, as a result of his intoxication, injures another person. The plaintiff responds that not all of the third count is based on the sale of alcohol to an intoxicated patron. The third count also alleges defendant's negligent instruction and supervision of his employees and negligent failure to prevent an intoxicated patron from driving.
Connecticut does not recognize a common law cause of action in negligence arising out of the service of alcohol to an adult. "At common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated." Quinnett v. Newman,213 Conn. 343, 345, 568 A.2d 786 (1990). "The reason underlying the rule is that the proximate cause of the intoxication [is] not the sale or furnishing of the liquor but the consumption of it by the purchaser or donee." Kowal v. Hofher, 181 Conn. 355, 357-58, 436 A.2d 1 (1980). "While such acts may constitute the breach of a duty owed to others, the cause of action in a variety of factual settings has uniformly failed for the reason that the subsequent injury has been held to have been proximately CT Page 4603 caused by the intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury." (Internal quotation marks omitted.) Quinnett v.Newman, supra, 213 Conn. 345-46. "The rule [is] based on the obvious fact that one could not become intoxicated by reason of liquor furnished him if he did not drink it." Nolan v. Morelli, 154 Conn. 432, 437, 226 A.2d 383
(1967).
"In Connecticut, as far back as 1872, it came to be felt that the . . . common-law rule [limiting the liability of purveyors of alcohol] was to some extent overly harsh and should be modified by statute. . . . The 1872 act gave a cause of action against a seller who sold intoxicating liquor to a person who thereby became intoxicated for any damage or injury to any other person, or to the property of another done by the intoxicated person in consequence of his intoxication. Thus, this act, in situations where it was applicable, displaced the common-law rule that the proximate cause of intoxication was not the furnishing of the liquor but its consumption. The modern version of this so-called civil damage or dram shop act is General Statutes [§ 30-102]." (Citation omitted; internal quotation marks omitted.) Quinnett v. Newman, supra,213 Conn. 347. "The underlying premise of the dram shop statute is that it is in the public interest to compensate citizens of this state for injuries received when a vendor sells alcohol to an intoxicated person who in turn brings about injuries as a result of such intoxication."Kowal v. Hofher, supra, 181 Conn. 358. The statute "requires no showing of a causal relation between the sale of intoxicating liquor and the subsequent injury." Id. Although the act nowhere provides that it is the exclusive remedy, "[o]ur Supreme Court has mandated that the only cause of action arising from the negligent service of alcohol to intoxicated persons shall arise under the Dram Shop Act." Davenport v. Quinn,53 Conn. App. 282, 287, 730 A.2d 1184 (1999).
There are, however, certain exceptions whereby actions are permitted for injuries which result from the negligent sale of alcohol to an intoxicated person. In Ely v. Murphy, 207 Conn. 88, 540 A.2d 54 (1988), the Connecticut Supreme Court recognized a limited exception to this long-standing proposition and held that the consumption of alcohol by a minor did not "constitute the intervening act necessary to break the chain of proximate causation and [did] not, as a matter of law, insulate one who provides alcohol to minors from liability for ensuing injury. Id., 95. The basis of the holding was that minors, because of their youth, lack the legal capacity to make a knowing and intelligent choice to "voluntarily" consume alcohol and, therefore, the fact that they did so did not, as a matter of law, break the chain of proximate causation that might otherwise exist under the law as applied to adults. Id., 93-94.[2] The court also noted a public policy of the state, as CT Page 4604 evidenced in numerous statutes, which "reflect a continuing and growing public awareness and concern that children as a class are simply incompetent by reason of their youth and inexperience to deal responsibly with the effects of alcohol." Id., 94. In carving out an exception involving the negligent sale of, or providing of, alcohol to a minor, the court required that the provider of alcohol know, or have reason to know, that the person to whom they supplied alcohol was a minor. Bonhanv. Last, 236 Conn. 670, 681, 674 A.2d 839 (1996); see also Ely v.Murphy, supra, 207 Conn. 97. Absent knowledge that the provider knew that he was supplying alcohol to a minor, he would have no common law duty to third party victims as a result of the minor's intoxication, just as there would be no common law liability where the sale is to an adult.Bonhan v. Last, supra, 236 Conn. 681.
A second limited exception was stated in Craig v. Driscoll,64 Conn. App. 699, 781 A.2d 440, cert. granted, 258 Conn. 931, 785 A.2d 228
(2001). The court permitted a cause of action in negligence against a bar owner who had supplied liquor to an alcoholic, where the provider of alcohol knew, or should have known, that the person was an alcoholic and would be operating a motor vehicle. Id., 718. The court noted that alcoholics, because of their illness or predisposition, are not able to control their consumption of alcohol. Id., 716-18. Analogizing the situation of a known alcoholic with that of a minor, a known alcoholic would not have the legal capacity to "voluntarily" consume alcohol and, therefore, break the chain of proximate causation. Also similar to the situation with minors, the court noted that public policy, as evidenced in numerous statutes, is against providing alcohol to known alcoholics or habitual drunkards. Id., 716-17. The court noted that the complaint specifically alleged that the defendant knew, or should have known, that the driver was an alcoholic and that he would be operating a motor vehicle after leaving the bar. Id., 702, 705-06.
In this case, the complaint does not allege that Oleg Konyszew was either a minor or an alcoholic but only that he was intoxicated when the defendant sold him liquor. The complaint, as pled, falls under the holding of Quinnett v. Newman, supra, 213 Conn. 343, not allowing a cause of action based on negligence in selling alcohol to adults who are known to be intoxicated.
The plaintiff maintains that the complaint is not entirely based on the negligent sale of alcohol to an intoxicated person but is also based on the negligent supervision of the defendant's employees so as to prevent the sale of alcohol to an intoxicated person. The plaintiff also claims that the complaint states a common law action in negligence for not preventing an intoxicated person from driving. CT Page 4605
Although actions based on the negligent sale of alcohol are not allowed, if alternative common law actions exist, they can be pursued.[3]
In Davenport v. Quinn, supra, 53 Conn. App. 282, the plaintiff was injured when he was assaulted by intoxicated patrons of a bar. In permitting recovery, the court held that the action was not based on the negligent sale of alcohol, but on the "failure of the proprietor of a restaurant, or his servants or agents, to exercise reasonable care in the supervision of the conduct of patrons or other business visitors within his establishment." Id.; see also Bioski v. Castelano, Superior Court, Judicial District of Waterbury, Docket No. 115265 (March 21, 1995,Flynn, J.) (14 Conn.L.Rptr. 346). The action must not be predicated on the sale of, or furnishing of, alcohol, but on the supervision of patrons. Nolan v. Morelli, supra, 154 Conn. 440-41. The duty to supervise and to keep a premises safe applies to owners of premises where alcoholic beverages are sold as well as to those premises where alcohol is not sold. Davenport v. Quinn, supra, 53 Conn. App. 289.
Although the plaintiff claims that the allegations of the third count involve "negligent supervision" of the defendant's employees, the thrust of the allegations clearly involve a claim of negligent sale of alcohol. The claimed failure of the defendant to supervise his employees to prevent their sale of alcohol to an intoxicated person is not supervision of the premises or supervision of patrons of the premises. Courts have uniformly rejected similar attempts to validate claims of negligent sale of alcohol by calling them negligent supervision claims.[4]
In addition, claims similar to the plaintiff's allegation, based on the negligent failure of the defendant to prevent Oleg Konyszew from driving, have also been rejected.[5] The common law simply does not recognize a duty to prevent a person from causing harm, even in the case where someone provides alcohol to another person knowing that the person may, thereafter, operate a car. See Nolan v. Morelli, supra, 154 Conn. 443.
"[T]he issue is not whether [the court] disapproves of irresponsible drinking and its too often tragic results on the highways and roadways of our state, but rather, whether this court can intrude where the legislature has so clearly chosen to act. To the extent that the General Assembly sees fit to articulate public policy through specific legislation, [the court is] bound to honor the means by which it addresses the policy issue in question." Quinnett v. Newman, supra,213 Conn. 347. In addition, our Supreme Court has consistently declined to recognize a common law right of action based on the negligent sale of alcohol to an intoxicated person. Id., 343. Under the doctrine of stare decisis, a decision of the Connecticut Supreme Court is controlling precedent until overruled or qualified. See White v. Burns, 213 Conn. 307,335, 567 A.2d 1195 (1990); Valle v. Andrews, Superior Court, Judicial CT Page 4606 District of Hartford-New Britain at Hartford, Docket No. 552111 (March 9, 1996, Hennessey, J.). This court is bound to follow the dictates ofQuinnett v. Newman, supra, 213 Conn. 343, and not recognize a cause of action based on the negligent sale of alcohol to an intoxicated person who, thereafter, causes injury. The court must defer to the remedy outlined by the legislature in the Dram Shop Act.
Construing the allegations of the Third Count in the light most favorable to the plaintiff, the court is bound to find that the count fails to state a claim upon which relief can be granted. The motion to strike the Third Count is granted.
 II
The defendant also moves to strike the Fourth Count of the complaint which is based on an allegation of a violation of the Connecticut Unfair Trade Practices Act.[6] There is no appellate court guidance as to whether Connecticut considers the sale of alcoholic liquor to an intoxicated person, who subsequently causes injury, to be a violation of the act. "In determining whether certain acts constitute a violation of this act, [the Connecticut Supreme Court has] adopted the criteria set out in the cigarette rule by the Federal Trade Commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]" (Citations omitted; internal quotation marks omitted.) Williams Ford, Inc. v.Hartford Courant Co., 232 Conn. 559, 591, 657 A.2d 212 (1995).
However, the trial courts that have considered the issue in this context have uniformly stricken the CUTPA count. In Lilly v. Gillis, Superior Court, Judicial District of New Haven at New Haven, Docket No. 425478 (April 20, 2000, Fracasse, J.) (27 Conn.L.Rptr. 87) the court held that the facts "would not satisfy the immoral, unethical, oppressive or unscrupulous practice prong of the cigarette rule." In Valle v.Andrews, supra, Superior Court, Docket No. 552111, the court held that there was no "consumer or business relationship" between the injured plaintiff and the provider of alcohol, other than being impacted by the intoxicated driver. Finally in Fortuna v. Connecticut Light Power Co., Superior Court, Judicial District of Middlesex at Middletown, Docket No. 072106 (February 15, 1996, Stanley, J.) the court stated, "this court does not believe that the legislature intended CUTPA to provide a remedy under the circumstances of the present case." This court agrees. CT Page 4607
Construing the allegations of the Fourth Count in the light most favorable to the plaintiff, the court finds that the count fails to state a claim under the Connecticut Unfair Trade Practices Act, upon which relief can be granted. The motion to strike the fourth count is granted.
So ordered.
The Court
Sequino, J.